Edward Gilliam
12672 Limonite Avenue
Corona, California 92880
(323) 447-3188

In Propria Persona

**FILED**

NOV 1 2 2013

CLERK U.S. BANKRUPTCY COURT
CENTRAL DISTRICT OF CALIFORNIA
BY: _____ Deputy Clerk

## UNITED STATES BANKRUPTCY COURT, LOS ANGELES, CALIFORNIA

| | |
|---|---|
| **EDWARD GILLIAM,**<br>                    **CREDITOR,**<br><br>v.<br><br>**MINON MILLER, DEBTOR** | **CASE NO. 2:13 BK-35116** ~ *RK*<br><br>~~AMENDED~~ **MOTION TO DISMISS CHAPTER 7 CASE WITH PREJUDICE PURSUANT TO 11 U.S.C. SEC. 707 (b) (3) (A)**<br><br>**HONORABLE JUDGE ROBERT N. KWAN**<br>**OCTOBER 29, 2013** |

**Hearing Date to Dismiss Petition**

**December 3, 2013 2:30 PM**

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

1

## MEMORANDUM OF POINTS AND AUTHORITY

2

3

4      This is a motion to obtain immediate relief from stay and to dismiss this

5      Chapter 7 bankruptcy petition due to **"BAD FAITH"**; due to serial filings and

6

7      abusive filings of bankruptcy petitions; and due to non-dischargeability of debts

8      pursuant to Section 523(a)(6) of the Bankruptcy Code, 11 U.S.C.  Gilliam's

9      judgments of malicious prosecution and fraudulent conveyance were tried and

10     adjudicated in Superior Court. It would be a violation of the rule of law of res

11

12     judicata and collateral estoppel to try these cases again. Findings and Facts by the

13     Superior Court clearly associated injury to Gilliam. The injuries to Gilliam were

14

15     found by the Superior Court willful and malicious. Gilliam was found to suffer

16     financial loss, physical injury, and emotional injury all supported by credible

17     evidence from court records, medical records and medical reports.  That debt

18

19     associated with the injury is not allowed to be discharged in bankruptcy. The

20     Bankruptcy Code in section 523(a) (6) provides that an individual debtor may not

21

22     discharge a debt "for willful and malicious injury by the debtor to another entity or

23     to the property of another entity."  These injuries are known as "intentional torts,"

24     and include personal injury. In regards to the fraud, the Superior Court Central

25     Justice Center also found fraudulent conveyance. It found there was a continuing

26

27     pattern of wrongful  behavior; the lack of or inadequacy of consideration; family

28

-2-

members involved as the transferees; the retention or possession of the transferred

property; the transfer of the property to the daughter or other family members of the

debtor and herself, and retaining the use and enjoyment of the property; the shifting

of the assets by the debtor to another business wholly controlled by the debtor;

transfers in anticipation of pending lawsuits; and transfers of all or most of the

debtor's property. The Superior Court found all of these elements evident and to be

true and ruled in Plaintiff Gilliam's favor. Plaintiff and creditor Gilliam requests the

Court to "Dismiss Chapter 7 Case with Prejudice Pursuant to "BAD FAITH" and to

11 U.S.C. Sec. 707 (b) (3) (A). This is another "bad faith" bankruptcy petition filed

by debtor Minon Miller having willfully and intentionally engaged in abusive and

fraudulent filings of bankruptcy petitions to avoid paying State Superior Court non-

dischargeable judgments or debts excepted from discharge.

This case is assigned under case number 2:13 bk-35116-RK. On May 11,

2012 debtor was denied a discharge for a "bad faith" chapter 13 petition filing.

[**Exhibit 1**] Eight years ago to the day of the filing of her Chapter 7 bankruptcy

petition on October 15, 2005 [**Exhibit 3, case 2:05-bk-47679-RN**], Minon Miller

files a new Chapter 7 bankruptcy petition on October 15, 2013. Minon Miller is a

*serial filer* of bankruptcy petitions and now files again to avoid paying a two **non-**

**dischargeable** judgments under 11 U.S.C 523. Chapter 13 Petition under case #

2:11-32470 was closed on May 14, 2012, a little over a year ago and the

Bankruptcy Court denied and dismissed her Chapter 13 petition filing on October

-3-

MOTION TO DISMISS CHAPTER 7 BANKRUPTCY PETITION AND TO REMOVE STAY

27, 2011. [**Exhibit 1**] The Honorable Judge Ernest Robles "*commented that Minon Miller is not to file any more bankruptcy petitions until she satisfies the judgments issued against her in favor of Mr. Edward Gilliam.*"  This Bankruptcy Court determined she filed a bad faith Chapter 13 bankruptcy petition on May 30, 2011 about 2 years ago and now she's back again to file another bankruptcy petition in "bad faith" to discharge **two** non-dischargeable debts for malicious prosecution and fraudulent conveyance [**Exhibit 4**].

Again the Court should note Miller has two non-dischargeable judgments issued against her from the State Superior Court issued on December 17, 2012 [**Exhibit 4**]. One judgment is for fraudulent conveyance and the other judgment is for malicious prosecution.  On this day October 30, 2013 Plaintiff and creditor Gilliam commences this proceeding by filing this motion against defendant, seeking a declaration this petition was filed in "bad faith"; that the debts based on malicious prosecution and fraudulent conveyance are non dischargeable pursuant to **11 U.S.C. Sec. 523** and that the current Chapter 7 bankruptcy petition stay is removed and that creditor shall have relief from the automatic stay. The Superior Court ruled that on December 17, 2012 Minon Miller filed law suits against Edward Gilliam maliciously and that she was also guilty of fraudulently transferring property. It is not necessary to hear these cases again and it would be a violation of resjudicata and collateral estoppels to hear these cases again when they have already been decided.

-4-

## I.    JURISDICTION

The Court has jurisdiction over this proceeding under 28 U.S.C. Sections 157(a), (b) (1), (2)(1), and Sections 1334. The District Courts shall have original and exclusive jurisdiction of all cases under title 11.", 28 U.S.C. Sec. 157 (a) ("Each District Court may provide that any or all cases under title 11 and any or all proceedings arising under title 11 or arising in or related to a case under title 11 shall be referred to the bankruptcy judges for the district.") and 28 U.S.C. Sec 157 (b) ("Bankruptcy judges may hear and determine. . . .all core proceeding because . . . ."). The current Motion to Dismiss is a core proceeding because it was brought under 11 U.S.C. Sec. 707 (b), which governs abuse of provisions of Chapter 7 in the Bankruptcy Code. See City of Moreno Valley v. Century-TCI. , L.P., No. EDCV 02-1387-VAP (SGLX), 2004 U.S. Dist. LEXIS 4490, at *6 (C.D. Cal. March 21, 2003) (Core proceedings are those that: (1) involve a cause of action created or determined by a statutory provision of title 11 [the Bankruptcy Code]; or (2) are not based on any right expressly created by title 11, but nevertheless, would have no existence outside of the bankruptcy.")

## II.    STATEMENTS OF THE FACTS AND PROCEDURAL HISTORY

The facts of the case are derived basically from the "BAD FAITH" Chapter 13 filing issued against the debtor Minon Miller on October 27, 2011, the numerous abusive "bad faith" serial filings illustrated above, the non dischargeable judgments

-5-

and findings of facts issued by the State Superior Court December 17, 2012 as

follows [**Exhibit 4**]:

## JUDGMENT:

"IT IS HEREBY ORDERED, ADJUDGED, AND DECREED THAT
JUDGMENT BE ENTERED AS FOLLOWS FOR  CASE 30-2012-00565634
FOR EDWARD GILLIAM: AGAINST MINON MILLER , NONIM LLC.
THE JUDGMENT OF FRAUDULENT CONVEYANCE, MALICIOUS
PROSECUTION AND INJUNCTIVE RELIEF APPLIES TO JUDGMENT
AGAINST MINON MILLER AND NONIM LLC AND IN FAVOR OF
EDWARD GILLIAM. ALL JUDGEMENTS ENTERED BEFORE THIS
JUDGMENT AGAINST MINON MILLER ARE REVISED TO INCLUDE
JUDGMENTS AGAINST NONIM LLC. THE FOLLWING CASES SHALL
ADD NONIM LLC AS DEBTOR TO THE ABSTRACT OF JUDGMENTS
AND WRITS OF EXECUTIONS: CASES 08Q02108, 30-2008-00271829, 6:08-
BK-26743, 6:09-AP-01081 AND 8:12-BK-13356. THE COURT GRANTS
INJUNCTIVE RELLIEF AND ORDERS DEFENDANT NOT TO
TRANSFER ANY ASSETS WITHOUT THE COURT'S PERMISSION, THE
COURT GRANTS PLAINTIFF'S REQUEST FOR THE APPOINTMENT
OF A RECEIVER AS NEEDED. THIS JUDGMENT CONFORMS TO THE
ORDER OF THE COURT DATED 12/3/12."

The Court also included **"Findings of Fact"** which included statements by

the Court stating [**Exhibit 4**]:

## FINDINGS OF FACT

"The Court also finds this fraudulent conveyance was made to defeat, hinder,
delay, defraud creditors or others of their just and lawful actions, suits, debts,
accounts, damages, penalties or forfeitures and are void against such persons
and their assigns." In the statement of Findings of Fact the Superior Court
also found the following:

"The Court rules Minon Miller's commencement of several civil proceedings
against Edward Gilliam in Superior Court and Bankruptcy Court are
actionable because it harmed Edward Gilliam against whom the claims were
made and also because it threatened the efficient administration of justice. The
Court finds that Edward Gilliam was harmed because he was compelled to

-6-

defend against fabricated claims which not only subjected him to an array of psychological pressures, but also the additional stress of attempting to resist suits commenced out of revenge, spite or ill will, often accommodated by slanderous allegations in the pleadings. Based on the wrong done to Edward Gilliam by Minon Miller settled law permits him to recover the cost of defending the prior action including attorney fees, compensation for injury to his reputation or impairment of his social and business standing in the community, for mental or emotional distress, pain and suffering, {Bertero v. National General Corp. (1974) 13 Cal. 3d 43, 50-51 (118 Cal. Reporter 529 P.2d 608, 65 A.L.R. 3d 878).

     The elements of a cause of action for malicious prosecution are that the prior action was (1) commenced by or at the direction of the defendant and was pursued to a legal termination in the Plaintiff's favor; (2) was brought without probable cause and (3) was initiated with malice. (Berto, supra, 13 Cal. 3d. at p.50)  The Court finds Minon Miller was malicious in her prosecutions."

## CHAPTER 7 BANKRUPTCIES FILED EXACTLY 8 YEARS APART

On October 15, 2013 debtor filed a Chapter 7 bankruptcy petition just 8 years after her previous Chapter 7 bankruptcy petition filed on October 15, 2005.[**Exhibit 3**]    Gilliam submitted in or around 2010 a motion respectfully requesting the Court to carefully review evidence supporting a Motion to reject Miller's Chapter 13 Plan and to dismiss her Chapter 13 Petition in its entirety. [**Exhibit 1**]Gilliam admitted to the Court that it would be a test of endurance and informed the Court that it's indulgence and energies were required to fully understand the complexities behind Minon Miller's pursing a **"bad faith"** Chapter 13 just like she is pursuing a "bad faith" Chapter 7 currently. Miller submitted a bad faith Chapter 13 Plan of **$45 a month** and Gilliam pointed out to the Court that it was ridiculously understating her income and that she could afford to pay the entire claim owed to

-7-

creator Gilliam of over $50,000 at that time. Gilliam requested of the Court to dismiss this Chapter 13 Petition in its entirety and to order Miller's last **three years of taxes** to verify her income. He also requested that the Bankruptcy Court subpoena her bank personal and business bank statements for the same period of time. Gilliam objected to this plan and asked the Court to reconsider the extension of stay due to Miller's **nine** continuances filed in State Superior Court showing an extreme abuse of the Courts.

Gilliam pointed out that the Court blinded itself to *nine* rescheduling of debtor's exams due to Miller's lying to the Court and filing excuses to delay her debtor's exams in State Superior Court. Gilliam pointed out that the Court also ignored the dates that were absent on her funeral document exhibits as she prepared a long thesis requesting the Chapter 13 bankruptcy Judge to extend her stay. Minon Miller provided the Court with forged and bogus funeral brochures which could have been the funeral for anybody for any year prior and thus it did not show that this event occurred at the same time Miller did not timely file her Motion for an Extension. He pointed out how the Bankruptcy Court ignored over 30 filings Miller has made in the last few years as well as Gilliam provided the documented evidence that she was currently fighting Gilliam's bankruptcy going on 4 years when she did not even have any judgments against him.

Gilliam was a former principal of several inner city schools that had dealt with gang problems, racial problems, low test scores, low teacher and faculty

-8-

morale and compared his situation to that of the Court as if faced debtors who were professional litigators that abused the Courts.

Gilliam explained to the Bankruptcy Court regarding her Chapter 13 that he filed a Motion to obtain Minon Miller's bank statements and business records back in December of 2010 as Minon Miller due to her malicious and vexatious litigation but in the face of Court orders she refused to present them at numerous rescheduled debtors' exams. After many debtors' exams missed by Miller or conveniently forgetting to bring the court ordered documents, the court finally informed Miller she had one more opportunity to bring the documents. Miller in defiance of the Court's order again did not bring the required documents. Instead she brought a filing of a Chapter 13 bankruptcy that she filed the morning of March 30, 2011 just to avoid bringing the required documents as ordered by the Superior Court. Notice of Continuance of Motion to Modify Judgment to Include MTD Tax Service and Nonim LLC and request for Attorneys Fees of $5,700 was continued to May 26, 2011. The original Motion was a debtors' exam motion to bring bank documents and business records but because refused to adhere to the Court ordered debtors exam rulings Gilliam's attorney fees skyrocketed. That hearing was to occur on May 30, 2011 at 1:30 p.m. On April 14, 2011 the Court was to decide if there were fraudulent transfers of her business, bank accounts and other assets that the Court needed to reverse due to fraud. This hearing was also continued to May 26, 2011.

On December 1, 2010 the Court ordered Miller in case number 30-2009-

MOTION TO DISMISS CHAPTER 7 BANKRUPTCY PETITION AND TO REMOVE STAY

1    00271829 of the Superior Court of the State of California, for the County of

2    Orange, North Justice Center, Fullerton Courthouse to bring documents to a

3
4    debtors exam scheduled for March 30, 2010. Miller ran down to Los Angeles

5    Bankruptcy Court the morning of March 30, 2010 and filed a Chapter 13

6    bankruptcy to avoid bringing documents ordered by the Court on that same day.

7
8        Gilliam respectfully requested the Court to remove the stay from her

9    CHAPTER 13 Bankruptcy filing immediately as the filing represented an **"abuse

10   of process", "fraud and malicious prosecution."** The mere fact that Miller was

11
12   abusing the Court system to avoid paying her judgments and to avoid following the

13   Court's order in providing documents for a debtors' exam was evidence enough

14   that the Court should have tolerated this.

15
16               **ABUSIVE CHAPTER 13 FILING IS NOW**
                 **FOLLOWED BY ABUSIVE CHAPTER 7 FILING**
17
18       Miller had been given several opportunities to bring in documents so that

19   Gilliam could obtain information to collect on a debt she owed $7,600 to him.   On

20   or about March 9, 2011 Miller appeared at the Fullerton Court House and told the
21
22   Court that she had to prepare for trial on March 22, 2011 (the same trial Gilliam had

23   to defend against Millers' malicious and vexatious adversary complaint) and

24   therefore she did not have time to prepare for a debtors' exam and to look for
25
26   documents for a date earlier than March 22, 2011. Miller badgered the Court and

27   the Honorable Judge Jonanthan Fish allowed Miller to have a March 30, 2011

28

MOTION TO DISMISS CHAPTER 7 BANKRUPTCY PETITION AND TO REMOVE STAY

1   Court date to bring all of her documents ordered by the Court months ago. Miller

2   brought the instant Chapter 13 bankruptcy filing instead of the court ordered

3
4   documents March 30, 2011[**Exhibit 5** ]

5       Gilliam requested the Court to dismiss the Chapter 13 bankruptcy and vacate

6   the automatic stay based on the abusive filings, *malicious prosecution and bad*

7
8   *faith* of the debtor Minon Miller. Based on the below Ninth Circuit Court of Appeal

9   decision on **"BAD FAITH"** Bankruptcy Petitions the Court dismissed Minon

10  Miller's Chapter 13 Petition filed on May 24, 2011 and dismissed it on October 21,

11
12  2011 **for "bad faith" [Exhibit 1]**:

13  **NINTH CIRCUIT COURT OF APPEAL DECIDES APPROPRIATE**

14  **STANDARD FOR BAD FAITH FILING OF CHAPTER 13 BANKRUPTCY**
    **PETITION**
15
16      The Bankrutpcy Court dismissed Minon Miller's Chapter 13 filing for "bad

17  faith".

18
        In re Jonathan Barnes Leavitt, the Ninth Court of Appeals decided the
19
20  standard of bad faith as "cause" to dismiss a Chapter 13 bankruptcy petition with

21  prejudice. Bad faith is a generic term utilized to describe a category of unfair and

22
    inequitable practices which could lead to a finding that the petition under a Chapter
23
24  13 was filed in bad faith, resulting in not only a denial of the confirmation of the

25  Chapter 13 bankruptcy plan but a dismissal with prejudice.

26
        In Leavitt, the creditor moved to dismiss the Chapter 13 bankruptcy on the
27
28  grounds that the debtor filed it in bad faith for the improper purpose of avoiding the

-11-

judgment, the debtor's failure to file the Chapter 13 schedules or plan timely, his proposed plan's zero allocation to the judgment debt, and misrepresentations and excessive expenses in the schedules.

The Court granted creditor's motion to dismiss the petition. The Court retained jurisdiction to determine whether the dismissal should be with or without prejudice. A granting of a dismissal with prejudice would mean that the debtor could not refile a bankruptcy petition. Granting a petition without prejudice means that he could refile the bankruptcy petition. The Court ultimately dismissed the bankruptcy with prejudice.

The Ninth Circuit opinioned by generally describing the various ways in which a Chapter 13 bankruptcy can be concluded: (1) discharge; (2) conversion to a Chapter 7 case; or (3) dismissal of the case for "cause." This case only involved the dismissal.

A dismissal of a bankruptcy case with or without prejudice is authorized by 28 U.S.C. Sec. 349 (a), which provides:

"Unless the court, for cause, orders otherwise, the dismissal of the case under this title does not bar the discharge, in a later case under this title, of debts that were dischargeable in the case dismissed; nor does the dismissal of the case under this title except as provided in section 109(g) of this title." (Emphasis added)

The Ninth Circuit pointed out that the language of the code stating: "unless the court, for cause, orders otherwise," is interpreted as meaning—unless the court

-12-

1   dismisses the case with prejudice.  A dismissal with prejudice will bar further

2   bankruptcy proceedings between the parties and is a complete adjudication of the

3

4   issues.

5       The Ninth Circuit indicated that "cause" dismissal under section 349 has not

6   previously been specifically defined by the Bankruptcy Code. In Chapter 13 cases,

7

8   28 U.S.C. Sec. 1307(c (1) though (10) provide that the court may dismiss or convert

9   a case depending on the best interest of creditors and the estate or for any of ten

10  enumerated circumstances. Bad faith is not specifically listed as one of the

11

12  circumstances; however, case law has established that it is in fact one of the

13  grounds.

14      The Ninth Circuit proceeded to establish standards for determining when

15

16  conduct meets the level of "bad faith" to constitute cause for dismissal of a Chapter

17  13 petition with prejudice.  The Court stated it involves the application of the

18  "totality of the circumstances" and that the bankruptcy court should consider the

19

20  following four factors.

21  1.    Whether the debtor "misrepresented facts in their [Petition] or Plan unfairly

22  2.    "The debtor's history of filings and dismissals," (Citations Omitted)

23

24  3.    Whether the "Debtor only intended to defeat State Court litigation,"

25  (Citations omitted); and

26  4.    Whether egregious behavior is present (Citations Omitted)

27

28

MOTION TO DISMISS CHAPTER 7 BANKRUPTCY PETITION AND TO REMOVE STAY

1    The Court rejected as another element that there must be a finding of

2    fraudulent intent. The Court opined that neither malice nor actual fraud is required

3

4    to find a lack of good faith.  The Court will not require the bankruptcy judge to hear

5    evidence of debtor's ill will directed at creditors or that the debtor was affirmatively

6    attempting to violate the law.

7

8        In Levitt, the Court found that after review the four factors listed, the

9    conclusion to dismiss the Chapter 13 bankruptcy with prejudice was reinforced.

10   The Court specifically found that the debtor's dishonesty pervaded the proceedings.

11

12       In addition, the court found that debtor had filed a previous bankruptcy less

13   than six years prior and had filed three more Chapter 13 petition, which were all

14   dismissed, all with the same goal to avoid payment of the creditor's judgment.  The

15

16   Court had no trouble finding that the intention of the debtor was to avoid and defeat

17   the state court litigation and that his egregious behavior, coupled with no

18   justification or excuse, demonstrated his intention was to use the bankruptcy system

19

20   in an inappropriate manner.  Under the totality of the circumstances, the court found

21   the record before it supported the finding of the bankruptcy court that the filing was

22   in bad faith. On March 11, 2012 the Court dismissed Minon Miller's Chapter 13

23

24   Bankruptcy Petition for "bad faith."

25   **STANDARD FOR BAD FAITH CHAPTER 13 SHOULD APPLY FOR**
26   **CHAPTER 7 FILED BY MINON MILLER**

27

28       Gilliam argues that judicial rulings entering judgments and dismissals against

-14-

MOTION TO DISMISS CHAPTER 7 BANKRUPTCY PETITION AND TO REMOVE STAY

1  debtor Minon Miller on October 27, 2011 for a "BAD FAITH" Chapter 13

2  Bankruptcy Petition case # 2:11-bk-32470-WB,  judgment and findings of fact

3
4  issued on December 17, 2012 for fraudulent conveyance, malicious prosecution,

5  injunctive relief and appointment of a Court appointed Receiver is competent

6  evidence supporting the motion for RELIEF OF STAY AND MOTION TO
7
8  DISMISS CHAPTER 7 BANKRUPTCY PETITION FOR BAD FAITH. Gilliam

9  argues that this Chapter 7 Petition by Minon Miller should be dismissed because

10  she filed her Chapter 7 petition in bad faith. The judgment on December 17, 2012 in
11
12  Superior Court alone is sufficient evidence of bad faith as these judgments are not

13  dischargeable under 11 U.S.C. 523.  The prior Chapter 13 petition dismissed in bad

14  faith is doubly sufficient evidence that the current filing of a Chapter 7 petition was
15
16  filed in bad faith and should be dismissed as this petition is being filed for the same

17  exact reasons as the petition for the Chapter 13 petition.

18          Before the enactment of BAPCPA, the Bankruptcy Appellate Panel for the
19
20  Ninth Circuit ("BAP") had determined that a case should not be dismissed under

21  Sec. 707 if relief from a debtor's bad acts was available under any other provision

22  of the Bankruptcy Code. See Padilla v. Frazer In re Padilla), 214 B.R., 496, 500
23
24  (B.A.P. 9th Cir.. 1997), aff'd sub. nom. Neary v. Padilla (In re Padilla), 222 F. 3d

25  1184 (9th Cir. 2000).  In Padilla, the bankruptcy court found that a debtor filed his

26  bankruptcy petition in bad faith and dismissed his case because, inter alia: (1) over
27
28  the course of a relatively short period of time, he incurred credit card debt nearly

-15-

1   equal to his annual income; (2) he made transfers to insiders; and (3) he sold

2   personal property to raise cash for gambling.  The BAP reversed the dismissal,

3
4   stating that relief for the particular types of bad conduct attributed to the debtor was

5   available under 11 U.S.C. Sections 522, 523 and 727 and concluding that Sec 707

6   (a) "should not be used as a substitute for these provisions."

7
8   However, due to the fact there is a recent supplement to the code of section 707 (b)

9   (3) (A) to the Bankruptcy Code, the Court is now free to dismiss a case under sec.

10  707 even if the Bankruptcy Code provides another remedy for a debtor's "bad

11
12  faith" acts.  See 11 U.S.C. sec 707 (b) (3) (A).

13  This is precisely due to the fact that section 707 (b) (3) (A) details the filing  of a

14
15  petition in "bad faith" as an example of "abuse" of the bankruptcy system

16  warranting dismissal of a Chapter 7 case.

17  **DISMISSAL FOR ABUSE INCLUDING THE FILING OF A**

18  **PETITION IN "BAD    FAITH"**

19
20      With regard to section 707 (b) (3) the Courts must determine whether the

21  granting of relief to a debtor would constitute an "abuse of the provisions of

22  Chapter 7 11 U.S.C. sec 707 (b) (3).  In making this analysis, courts "shall consider

23
24  . . . . whether the debtor filed the petition in bad  faith or  the totality of the

25  circumstances. . .of the debtor's financial situation demonstrates abuse.." 11 U.S.C.

26  sections  707 (b) (3) (A)-(B).  The construction of these statues demonstrate that

27
28  the courts must ultimately determine whether there is "abuse" of Chapter 7.  Such

-16-

1    abuse may include, but is not limited to, the filing of a petition in "bad faith."

2    Gilliam respectfully requests the Court to utilize the standards for bad faith

3    dismissal used in Chapter 13 cases.  As Gilliam noted above Minon Miller's

4    Chapter 7 bankruptcy petition should be reviewed in the same manner as her

5    dismissed bad faith Chapter 13 bankruptcy filing via section 707 (b) (3) (A). Before

6    the enactment of BAPCPA, in <u>Neary v. Padilla (In re Padilla),</u> the Ninth Circuit

7    concluded that "bad faith" as  a general rule does not provide cause  to dismiss a

8    Chapter 7 petition under section 707 (a) because Chapter 7 did not specifically

9    include a requirement of "good faith" as do Chapters 11 and 13. See 222 F. 3d at

10   1191-93.  But, in view of the addition of sec. 707 (b) (3) to the Bankruptcy Code, a

11   debtor's bad faith now clearly constitutes grounds for dismissal of a Chapter 7 case.

12   There are reasons why Chapter 13 provisions for bad faith should be utilized in

13   dismissing Chapter 7 cases. First, is that the harm filing a voluntary petition in bad

14   faith is no different and is the same no matter what chapter of the Bankruptcy Code

15   a debtor chooses to file. Meaning that creditors will be unjustly deprived of their

16   rights and the integrity of the bankruptcy system and of the courts will be lessened.

17   Second, it would be very complex and cumbersome creating multiple tests of bad

18   faith factors depending on which code of the bankruptcy statute is used and debtors

19   would pick and choose the ones with the most benefits. And lastly, Chapter 11 and

20   Chapter 13 bad faith standards are the same and each require the Courts to

21   determine whether a debtor's intention in filing a bankruptcy petition is consistent

-17-

1   with the purpose of the Bankruptcy Code.

2      As mentioned again in Minon Millers' above bad faith Chapter 13 filing the

3   tests should consider a variety of non-exclusive factors, including; (1) the debtor's

4

5   history of filings and dismissals (Leavitt v. Soto ( In re Leavitt), 171 F. 3d 1219,

6   1224 (9th Cir. 1999)); (2) whether a debtor misrepresented facts in their petition,

7

8   unfairly manipulated the Bankruptcy Code, or otherwise filed the petition in an

9   inequitable manner (Id.; Marshall, 298 B.R. at 681); (3) whether the debtor is

10
    actually in need of bankruptcy protection (Marshall, 298 B.R. at 681); (4) whether
11

12  the debtor intended to invoke  the automatic stay for improper purposes, such as the

13  sole objective of defeating  state court litigation (Id.; Leavitt, 171 F. 3d at 1224).

14
    However, neither malice or fraudulent intent by the debtor is required for a finding
15

16  of bad faith in Chapter 11 or Chapter 13 cases. See id. Thus, no one factor is to be

17  determinative, but rather the entirety of the circumstances must be analyzed. See

18
    Powers, 135 B.R. at 991-921; Marshall, 298 B.R. at 681.
19

20     Gilliam thus requests this Court to utilize the Ninth Circuit's "substantial

21  abuse" test and the bad faith criteria applicable to Chapter 11 and Chapter 13 cases

22
    in determining whether to dismiss this case under section 707 (b) (3) (A).  In light
23

24  of all of the evident and relevant  facts in this case, it should be clear to the Court

25  that the filing of a Chapter 7 bankruptcy petition by Minon Miller is inconsistent

26
    with the Chapter 7 goals of providing a 'fresh start: to debtors and maximizing the
27

28  return to creditors. See Powers, 135 B.R. at 991-992; Marshall, 298 B.R. at 681;

-18-

See also In re De La Rosa, 91 B.R. 920, 922 (Bankr. S.D. Cal. 1988); In re Diego, 6 B.R. 920 (Bankr S.D. Cal. 1988); In re Diego, 6 B.R. 468, 469 (Bankr. N.D. Cal, 1980). The Court in reviewing the following factors in making its determination will find that debtor Minon Miller is not entitled to a Chapter 7 discharge of judgments as they are first and foremost filed in bad faith due to the abusive nature such as filing another Chapter 7 bankrutpcty petition exactly 8 years ago (October 15, 2005 versus October 15, 2013); filing a bad faith Chapter 13 that was just recently closed on May 14, 2012; filing two Chapter 13 bankruptcy petitions in May of 2011; and filing the current Chapter 7 petition to avoid two non dischargeable judgments due to fraud and malicious prosecution which in and of themselves are not dischargeable under 11 U.S.C. 523. Second, the following factor play negatively in reviewing the evidence before this Court and soundly defeats any theory that debtor Minon Miller may have in discharging her debts by a Chapter 7 petition: (1) whether the debtor has a likelihood of sufficient future income to fund a Chapter 11, 12 or 13 plan which would pay  a substantial portion of the unsecured claims; (2) whether the debtor's petition was filed as consequence of illness, disability, unemployment, or some  other calamity; (3) whether the schedules suggest the debtor obtained cash  advancements and consumer goods on credit exceeding  his or her ability to repay them; (4) whether the debtor's proposed family budget is excessive or extravagant; (5) whether the debtor's statement of income and expenses is misrepresentative of the debtor's financial  condition; (6)

-19-

MOTION TO DISMISS CHAPTER 7 BANKRUPTCY PETITION AND TO REMOVE STAY

1  whether the debtor has engaged in buying products and service just before filing

2  bankruptcy; (7) whether the debtor has a history of bankruptcy petition filings and

3

4  case dismissals; (8) whether the debtor intended to invoke the automatic stay for an

5  improper purposes, such as for the sole objective of defeating state court litigation;

6  and (9) whether egregious behavior is present. All of the facts related herein should

7

8  be weighed including the fact that there is undisputable evidence that debtor is

9  attempting to discharge two non dischargeable debts for malicious prosecution and

10  for fraudulent conveyance. Based on totality of this evidence along with a recent

11

12  dismissal of a bad faith Chapter 13 petition filing and the filing of a current Chapter

13  13 Petition to discharge two non-dischargeable debts under 11 U.S.C. 523, it is

14  unmistakable that this petition was filed in bad faith. Even though fraudulent intent

15

16  and malice are not required to find "bad faith" it is clear and uncontroverted that the

17  facts show in this case there was fraud and malice as the State Superior Court found

18  that Minon Miller committed fraud and malice in case 30-2012-00565634 on

19

20  December 17, 2012.

21

22

23  ## SUPERIOR COURT FOUND MALICIOUS AND VEXATIOUS LAW SUITS

24  ## FILED BY MILLER ON DECEMBER 17, 2012

25  Gilliam represented himself in Pro Per in the cases wherein Minon Miller

26  filed three adversary complaints against Gilliam in case number 6:09-ap-01091-CB

27

28  which originated from a Chapter 7 discharge of case number 6:08-bk-26743-CB.

-20-

1    Gilliam had attached the filings for review. On February 27, 2010 Miller

2    filed a "**COMPLAINT TO DETERMINE NON DISCHARGEABILITY OF**

3

4    **DEBT" AND ON MARCH 30, 2010 SHE FILED A "COMPLAINT TO**

5    **DISMISS UNDER 727(D) (1 ) (2)."**  Not only did Miller file these claims but also

6
     filed a claim in Superior Court in Los Angeles under case number **BC382802**
7

8    which was attached to her **COMPLAINT TO DETERMINE**

9    **NONDISCHARGEABILITY.**   The Court should note that Minon Miller filed all

10
     of  these complaints in Gilliam's bankruptcy without being a **creditor**.
11

12    The United States Bankruptcy Court granted in Gilliam's favor on November

13    3, 2010 Summary Judgment in part under 727 (d) (2). On November 29, 2010 the

14
     Court granted Gilliam Summary Judgment and award of attorneys' fees and costs
15

16    pursuant to **11 U.S.C. Section 523 (d).**  The Court awarded $27,788.24 in the 523

17    (a) action. Then on March 22, 2011 the Court in a trial to determine fraudulent

18
     intent under 727(d) (1) again found in Gilliam's favor.  Order was singed and
19

20    finalized and therefore Gilliam was vindicated and the Court found that Minon

21    Miller had  no justification for even filing any of the above complaints against his

22
     bankruptcy.
23

24

25    **THE BANKRUPTCY COURT FINDS BAD FAITH IN CHAPTER 13**

26    **FILING**

27

28    The Chapter 13 filing by Miller was executed in order to hinder, delay or

-21-

1   prevent  judgments against Miller from proceeding through the Courts. While

2   Miller committed fraud in her allegations in the above adversary complaints lodged

3
4   against Gilliam and thus it resulted in substantial attorney fees ($27,788.24)

5   awarded to Gilliam, Miller rushed in a nick of time to file a Chapter 13 bankruptcy

6   to not only avoid paying the $27,788.24 judgment from the "malicious and bad

7
8   faith adversary filings she prosecuted but also to avoid a  Court ruling on a

9   MOTION TO MODIFY JUDGMENT AND A COURT ORDER TO BRING

10  BANK STATEMENTS AND DOCUMENTS RELATIVE TO MILLER'S

11
12  BUSINESS.

13      The filing of the Chapter 13 bankruptcy was a profound "abuse of process"

14
15  and was done with "malice" based on debtor Minon Miller's disobeying court

16  orders and filing groundless and preposterous adversary proceedings of a

17  bankruptcy petition and then her subsequent filing of a Chapter 13 bankruptcy to

18
19  avoid both.  The Court in Gene R. Smith Corp. noted that section 303 (i) 'permits

20  the bankruptcy court on dismissal of a petition to award a debtor costs, reasonable

21  attorney's fees and any damages proximately caused by such filing and punitive

22
23  damages.  Gilliam asserted that Minon Miller's Chapter 13 Bankruptcy Petition

24  reflected Congress's intent that a case-by-case development of law relating to "bad

25  faith" in this context should be accomplished in federal courts not in state courts.

26      The filings in her adversary complaints, coupled with the filing she attached

27
28  to her 523 (a) filing in case number **BC382802** and her filings of **08S01715 and**

-22-

1  **08S01716** were all filings that were similar with nothing of substance that changed.

2
3  Every assertion in these complaints had been in the other.  In the final hour Miller

4  presented the March 30, 2011 Chapter 13 filing to the Superior Court in case

5  number 30-2009-00271829 at the North Justice Center in Fullerton in order to stop

6
7  and avoid the collection of another judgment against her. The Chapter 13

8  bankruptcy was a filing in "bad faith" and with "malice" just as her adversary

9  filings, her small claims filings that were dismissed and her appeal to the appellate

10
11  court that was directed at Gilliam. The Central Justice Center found in case 30-

12  2012-00565634 that Minon Miller maliciously prosecuted several civil law suits

13  without probable cause with malice and that she transferred property fraudulently to

14
15  avoid collection of debts.

16  **III.    CASE 30-2012-00565634 COURT RULED MALICIOUS**

17  **PROSECUTION AND FRAUDULENT CONVEYANCE**

18  **AGAINST MINON MILLER**

19
20  As noted above, on December 17, 2012 Miller was found by the Superior

21  Court in Santa Ana, Central Justice Center under the Honorable Judge Kirk

22
23  Nakamura to have committed fraud in transferring and conveying property under

24  Code of Civil Procedures 3439.04, C.C.P. section 708.170(a)(2); C.C.P. section

25  128.59a) and Rule of Court , Rule 2.30(d) in order to avoid, hinder, delay and

26
27  prevent the collection of debts she owes Gilliam. The same Court also found that

28  Minon Miller was liable for malicious prosecution.

-23-

## IV.   FRAUDULENT CONVEYANCE

On April 2, 2010 Gilliam had obtained a judgment in this case against Minon Miller for $7615.50.  At the time she operated a tax accountant business called MTD Miller Income Tax Sevice as a sole proprietorship. Within eight days of the issuance of the writ of execution Minon Miller incorporated a Limited Liability Company called Nomin LLC.  Nomin is Minon spelled backward.  Minon Mille registered Nonim LLC as an entity doing business as MTD Miller Income Tax Service.  According to that City of Carson registration the members of Nonim LLC were herself and her daughter, Nadia Miller.

As a result of this name change of her tax business the April 2010 writ to levy on Ms Miller's bank accounts and the Compton Sheriff's Till Tap of the business were unsuccessful.  The Sheriffs contacted Gilliam and informed him that since the business name changed to Nonim LLC they could not stay at her business because the writ did not contain the name of the new business Nonim LLC.

At the December 1, 2010 Judgment Debtor Examination Minon Miller also testified to the Court that she transferred her business MTD Tax Service to her daughter Nadia Miller and that is why the name change to NONIM LLC.  However, she testified that Nadia has no clients and had not started the business at the time of her testimony which was in December 2010.  However, in her business license it shows that Minon Miller is also an officer and member of NONIM.  In fact the two persons listed were listed as officers and members of the LLC as Minon Miller and

-24-

1    Nadia Miller.

2        Nadia Miller also was present on December 1, 2011 and was under oath

3    before the court. During the testimony on December 1, 2010 Nadia Miller said she

4    did not know the amount of rent paid on the space rented by Nonmin LLC, yet her

5    testimony and the testimony of her mother was that Minon Miller turned over the

6
7    business to Nadia. In Nadia's testimony on December 1, 2010 Nadia testified that

8    she is the new owner of her mother's business but did no know what the balance

9
10   was in the business account.

11
12       Nadia Miller testified that she attends Long Beach State as a student and

13   works part-time at Wells Fargo Bank and also is the owner of the tax business.

14
     Nadia Miller testified that her mother Minon Miller transferred her tax business to
15
16   Nadia Mille in or about April of 2010.

17       Minon Miller testified on December 1, 2010 that she did not hand over her

18
     clients to Nadia Miller even though she transferred the business to Nadia. Minon
19
20   Miller testified on April 16, 2009 under oath that she had 600 clients in a hearing

21   under the Honorable Commissioner Klar. In Nadia Miller's December 1, 2010

22
     testimony Nadia said she has no tax clients. This was verified by her mother,
23
24   Minon Miller, even though Minon Mille testified under oath she has over 600

25   clients. The Central Justice Center ruled this was a fraudulent conveyance.

26
         Thus, this transfer of a sole proprietorship into the LLC of Nonim was a
27
28   fraudulent transfer and the Superior Court Central Justice Center issued a ruling

-25-

that the transfer was *fraudulent* and is therefore non-dischargeable under any

Chapter of the Bankruptcy Code and therefore this Chapter 7 petition should be

dismissed with prejudice.

## V.    MALICIOUS PROSECUTIOIN

Miller has acted with malice and the filing of the Chapter 13 on May 24,

2011 that was dismissed for lack of filing schedules and May 30, 2011 for bad faith

and now this Chapter 7 filing of a  bankruptcy petition was and is further evidence

of malice. The Central Justice Center Superior Court found that Minon Miller acted

with malice in prosecuting cases without probable cause  and fraudulently

conveyed property and now debtor Minon Miller is attempting to discharge this

malicious prosecution judgment and fraudulent conveyance judgment with a bad

faith Chapter 7 bankrutpcy filing exactly 8 years from an earlier Chapter 7 filing on

October 15, 2005 in case # 2:11-bk-23561.

Subjective bad faith or malice is important only when the suit is objectively

colorable.  A lawyer or pro se litigant who pursues a plausible claim because of the

costs the suit will impose on the other side, instead of the potential of recovery on

the claim, is engaged in abuse of process.  This is independently tortuous, and it

may be the basis of substantive liability under tort (antit-trust) laws as well as the

basis for an award of fees, Grip-Pak, Inc. v. Illinois Tool Works, Inc., 694 F 2d. 466

(7th Cir. 1982), cert. denied , 461 U.S. 958, 103 S. Ct. 2430, 77 L.Ed.2d 1317

(1983).  Even those who prevail may be liable for fees if in bad faith they cause

-26-

1   their adversaries to bear excessive costs.  Lipsig v. National Student Marketing

2   Corp. , 663 F.2d 178, 182 (D.C. Cir. 1980); Wright v. Jackson, 522 F.2d 955, 958

3
4   (4th Cir. 1975).  This theme also appears in cases emphasizing that dogged pursuit

5   of a colorable claim becomes actionable bad faith once the attorney or pro se

6   litigant learns (or should have learned) that a claim is bound to fail. E.g.

7
8   Christiansburg Garment Co. v. EEOC, 434 U.s., 412, 422, 98 under 42 U.S.C. Sec

9   1988 if the "claim was frivolous, unreasonable, or groundless or the plaintiff

10  continued to litigate after it  clearly became so") Wang v. Gordon 715 F. 2d 1187

11
12  (7th Cir. 1983).

13          **VI.CONCLUSION**

14          Gilliam respectfully requests the Court to remove the stay and to dismiss this

15  Chapter 7 bankruptcy petition filing as it was filed with "bad faith" intentions,

16
17  malice and fraud and it is another way for the debtor to delay, hinder, and defraud

18  the creditor in this case. The Court should note that the Chapter 13 bankruptcy

19  petition filed over a year ago by Minon Miller was also filed in bad faith and this

20
21  current Chapter 7 bankruptcy petition and the Debtor's petition would be an abuse

22  of the provisions of Chapter 7. This case should be dismissed with prejudice and

23  the automatic stay lifted sua sponte.

24

25

26

27

28

MOTION TO DISMISS CHAPTER 7 BANKRUPTCY PETITION AND TO REMOVE STAY

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

-28-

MOTION TO DISMISS CHAPTER 7 BANKRUPTCY PETITION AND TO REMOVE STAY

# DECLARATION

I DECLARE UNDER PENALTY OF PERJURY that the following is true and correct and if called to testify I could and would competently testify thereto:

1. On October 15, 2013 Minon Miller filed a Chapter 7 bankrutpcy petition exactly 8 years from the time she filed a Chapter 7 bankruptcy petition on October 15, 2005

2. On October 31, 2011 the Bankruptcy Court dismissed Minon Miller's Chapter 13 Petition for "BAD FAITH." A true and correct copy is attached as [Exhibit 1].

3. On March 30, 2011 Minon Miller filed a Chapter 13 Petition and it was dismissed for lack of filing schedules. A true and correct copy is attached as [Exhibit 2]

4. .On October 15, 2005 Minon Miller filed a Chapter 7 Bankruptcy eight years ago. A true and correct copy is attached as [Exhibit 3]

5. On December 17, 2012 a judgment was issued against Minon Miller by the Central Justice Center in Santa Ana California for fraudulent conveyance and malicious prosecution in favor of Edward Gilliam. A true and correct copy is attached as [Exhibit 4].

6. On December 17, 2012 the Central Justice Center issued Findings and Facts against Minon Miller for fraudulent conveyance and malicious prosecution. A true and correct copy is attached as [Exhibit 4].

7. On July 29, 2013 the Central Justice Center appointed Stephen Donell as the Court appointed Receiver. A true and correct copy is attached as [Exhibit 5]

MOTION TO DISMISS CHAPTER 7 BANKRUPTCY PETITION AND TO REMOVE STAY

I declare under penalty of perjury and the laws of the United States

Constitution and the State of California that the above is true and correct.

Executed on October 30, 2013

Edward Gilliam

MOTION TO DISMISS CHAPTER 7 BANKRUPTCY PETITION AND TO REMOVE STAY

# EXHIBIT 1

# United States Bankruptcy Court
## Central District Of California

255 East Temple Street, Los Angeles, CA 90012

## NOTICE OF DISMISSAL

| | |
|---|---|
| **DEBTOR INFORMATION:**<br>Minon Trenell Miller | **BANKRUPTCY NO.**  2:11-bk-32470-ER |
| | **CHAPTER**  13 |

**Last four digits of Social-Security or Individual Taxpayer-Identification (ITIN) No(s)., (if any):**  xxx-xx-3224
**Employer Tax-Identification (EIN) No(s).(if any):**  N/A
Debtor Dismissal Date: 10/27/11

**Address:**
603 E University Dr
PMB 603
Carson, CA 90746

You are notified that an order was entered **DISMISSING** the above-captioned case and vacating the discharge if previously entered.

Dated: October 31, 2011

For The Court,

**Kathleen J. Campbell**
Clerk of Court

(Form ntcdsm Rev. 03/09) VAN-24

**44 / LRL**



FILED
OCT 2 7 2011

ENTERED
OCT 3 1 2011

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

UNITED STATES BANKRUPTCY COURT CENTRAL DISTRICT

LOS ANGELES, JUDGE ERNEST ROBLES, PRESIDING

LODGED
OCT 20 2011
CLERK U.S. BANKRUPTCY COURT
CENTRAL DISTRICT OF CALIFORNIA
BY:                    Deputy Clerk

COURT ROOM 1568

In re:

MINON MILLER,

        Defendant, Debtor

)   Case No:2:11-32470-ER
)
)   Chapter 13
)
)   ORDER GRANTING MOTION TO
)   DISMISS CHAPTER 13 PLAN FOR BAD
)   FAITH
)
)
)

1

1   After reviewing the memorandum of points and authority and supporting documents from each

2   party and after oral argument the bankruptcy court finds that Miller filed this Chapter 13 in bad

3   faith. The Court grants the motion of plaintiff/creditor Edward Gilliam.

4

5   It is so Ordered. ////

6

7

8   Dated 10/27/11

9

10

11   HONORABLE JUDGE ERNEST ROBLES

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

2

# United States Bankruptcy Court
## Central District of California

### Los Angeles

### Judge Ernest Robles, Presiding

### Courtroom 1568 Calendar

**Thursday, October 13, 2011**                                    **Hearing Room  1568**

---

1:30 pm

2:11-32470    **Minon Trenell Miller**                                              **Chapter  13**

#60.00         Hearing [18] Motion to Dismiss Chapter 13 Plan or in the Alternative Motion to
                Reject Chapter 13 Plan due to Fraudulent filing of Income Statement, Incorrect
                and False Informaiton re: Income and Schedules; Filed by Interested Party Edward
                Gilliam;

                              **Docket #:**            **POST PDF OF**
                                                       **TENTATIVE TO**
                        Dismiss per tentative. Take      **DOCKET.**
                        continued relief from stay off
                        calendar.

**Tentative Ruling:**

10/12/2011:  Grant motion to dismiss for the reasons set forth below:

Creditor, Edward Gilliam ("Gilliam"), currently seeks to dismiss Debtor's chapter 13 case on the
grounds of bad faith.[1] Specifically, Gilliam asserts:

1.    Debtor has understated her income.

2.    Gilliam provides that in a state court action, Debtor filed a chapter 13 case on
      3/30/11 to avoid producing documents.  Debtor's bankruptcy filing also caused the
      continuances to dates in late May 2011 of a motion to modify judgment, a judgment
      debtor exam and a hearing on fraudulent transfers by Debtor. Motion at 2-3. "The
      mere fact that [Debtor] is abusing the Court system to avoid paying her judgments
      and to avoid following the Court's order in providing documents for a debtors' [sic]
      exam is evidence enough that the Court should not tolerate this." Motion at 3.

3.    Debtor filed "malicious and vexatious" §§ 727 and 523 actions ("Bankruptcy
      Actions") in Gilliam's bankruptcy case.  Judgments were entered in favor of Gilliam
      in both actions.

4.    Gilliam was also awarded $27,788.24 in attorneys' fees in connection with the
      Bankruptcy Actions.  Debtor then filed the instant chapter 13 case.

5.    Gilliam also contends that Debtor has fraudulently conveyed a business to her
      daughter, Nadia Miller.  Specifically, Debtor had a business called MTD Miller
      Income Tax Service.  After Gilliam obtained a writ of execution, Debtor changed the

---

### United States Bankruptcy Court
### Central District of California

#### Los Angeles
#### Judge Ernest Robles, Presiding

#### Courtroom 1568 Calendar

**Thursday, October 13, 2011**                                    **Hearing Room  1568**

<u>1:30 pm</u>

**Cont....**    **Minon Trenell Miller**                                    **Chapter 13**

name of the business to Nonim LLC and transferred it to her daughter. The Sheriffs could not enforce the writ because of the name change.

6.    Debtor also obtained small claims judgments against Gilliam. Gilliam appealed the judgments, which were dismissed on 3/10/10.

In Opposition, Debtor asserts that Gilliam obtained the state court judgments against her through fraud. Specifically, Debtor contends that Gilliam did not have standing to pursue the unlawful detainer action against her, because he was in a chapter 7 case at the time. Gilliam vacated Debtor's small claim judgments against him by using his discharge order; however, Debtor had filed a § 523 action against Gilliam. Debtor's § 523 action against Debtor is on appeal. Debtor further argues that Gilliam wears the badges of fraud on his chest. Contrary to Gilliam's assertions, Debtor has not concealed any assets. Gilliam is an unsecured creditor with unclean hands.

Debtor has filed a Supplemental Opposition which Gilliam seeks to strike on the grounds that it is untimely, irrelevant "and attempts to retry Gilliam's numerous court victories." Strike Motion at 11. The Supplemental Opposition was filed on 9/7/11, more than one month prior to the current hearing; consequently, it is not untimely. Moreover, both sides in this dispute present less than relevant information and assertions; consequently, the Court is not inclined to strike the Supplemental Opposition on the grounds of irrelevance. Finally, although Debtor raises prior actions, this Court is also not "retrying" any of them. Finally, the Court's review of the Supplemental Opposition indicates that Debtor does not raise any new arguments. She reiterates that she is attempting to vacate the state court judgments against her and to reinstate her small claims judgments against Gilliam. Debtor repeats her unclean had arguments as well.

11 U.S.C. Section 1307(c) provides in relevant part:

. . . [O]n request of a party in interest . . . and after notice and a hearing, the court may convert a case under this chapter to a case under chapter 7  of this title, or may dismiss a case under this chapter, whichever is in the best interests of creditors and the estate, for cause . . .

The Ninth Circuit has stated <u>in dicta</u> that "bad faith per se can properly constitute "cause" for

# United States Bankruptcy Court
## Central District of California

### Los Angeles
### Judge Ernest Robles, Presiding
### Courtroom 1568 Calendar

**Thursday, October 13, 2011**                                    **Hearing Room  1568**

**1:30 pm**

**Cont....    Minon Trenell Miller**                                    **Chapter 13**

dismissal of a Chapter 11 or Chapter 13 petition . . ." *Neary v. Padilla (In re Padilla)*, 222 F.3d 1184, 1193 (9th Cir. 2000). The Ninth Circuit has established in determining "bad faith" courts should apply a "totality of the circumstances" test and should consider the following factors:

> (1) whether the debtor "misrepresented facts in his [petition or] plan, unfairly manipulated the Bankruptcy Code, or otherwise [filed] his Chapter 13 [petition or] plan in an inequitable manner," . . .;
> (2) "the debtor's history of filings and dismissals," . . .;
> (3) whether "the debtor only intended to defeat state court litigation," . . .; and
> (4) whether egregious behavior is present.

*Leavitt v. Soto (In re Leavitt)*, 171 F.3d 1219, 1224 (9th Cir. 1999).

In the instant case, with respect to the first factor, Gilliam asserts that Debtor has misstated her income, but provides no evidence in support of this statement. With respect to the remaining factors, the timing of Debtor's two bankruptcy cases appears to have been to avoid the production of documents and a fee award. This conduct evidences an unfair manipulation of the Bankruptcy Code, a history of filings and dismissals, and Debtor's intent to defeat state court litigation.

With respect to the fourth factor, the Ninth Circuit in *Leavitt* considered whether the Debtor offered a "real" justification or excuse for his actions in determining whether "egregious behavior" was present. *Leavitt*, 171 F.3d at 1225-26. In the instant case, Debtor does not really provide a justification for the timing of her bankruptcy filings. Rather, she attempts to focus the Court's attention on Gilliam's alleged fraudulent behavior in this dispute. Even if true, it is unclear how Gilliam's behavior justifies Debtor's use of the bankruptcy process to hinder the state court litigation.

Based on the foregoing, the Court grants the Motion.

END NOTES:

1. Gilliam also objects to Debtor's chapter 13 plan. However, since Debtor's confirmation hearing is not until next year, the Court shall not consider these arguments. The Motion also seeks relief from stay which will also not be addressed herein. Motion at 15.

### Party Information

B6 Summary (Official Form 6 - Summary) (12/07)

# United States Bankruptcy Court

### Central District of California

In re  Miller, Minon Trenell _____,                Case No.  11-bk-32470 _____
                 Debtor

                                                         Chapter  13 _____

## SUMMARY OF SCHEDULES

Indicate as to each schedule whether that schedule is attached and state the number of pages in each. Report the totals from Schedules A, B, D, E, F, I, and J in the boxes provided. Add the amounts from Schedules A and B to determine the total amount of the debtor's assets. Add the amounts of all claims from Schedules D, E, and F to determine the total amount of the debtor's liabilities. Individual debtors also must complete the "Statistical Summary of Certain Liabilities and Related Data" if they file a case under chapter 7, 11, or 13.

| NAME OF SCHEDULE | ATTACHED (YES/NO) | NO. OF SHEETS | ASSETS | LIABILITIES | OTHER |
|---|---|---|---|---|---|
| A - Real Property | yes | 1 | $ 0 | | |
| B - Personal Property | yes | 3 | $ 51,950.00 | | |
| C - Property Claimed as Exempt | yes | 2 | | | |
| D - Creditors Holding Secured Claims | yes | 1 | | $ 18,800.00 | |
| E - Creditors Holding Unsecured Priority Claims (Total of Claims on Schedule E) | yes | 3 | | $ 0 | |
| F - Creditors Holding Unsecured Nonpriority Claims | yes | 2 | | $ 60,380.00 | |
| G - Executory Contracts and Unexpired Leases | yes | 1 | | | |
| H - Codebtors | yes | 1 | | | |
| I - Current Income of Individual Debtor(s) | yes | 1 | | | $ 2,895.00 |
| J - Current Expenditures of Individual Debtors(s) | yes | 1 | | | $ 2,853.00 |
| TOTAL | | 14 | $ 51,950.00 | $ 79,180.00 | |

B 6 Summary (Official Form 6 - Summary) (12/07)

# United States Bankruptcy Court

### Central District of California

In re  Miller, Minon Trenell                    ,                    Case No.  11-bk-32470
                                    Debtor

                                    Chapter  13

## STATISTICAL SUMMARY OF CERTAIN LIABILITIES AND RELATED DATA (28 U.S.C. § 159)

If you are an individual debtor whose debts are primarily consumer debts, as defined in § 101(8) of the Bankruptcy Code (11 U.S.C. § 101(8)), filing a case under chapter 7, 11 or 13, you must report all information requested below.

☐ Check this box if you are an individual debtor whose debts are NOT primarily consumer debts. You are not required to report any information here.

**This information is for statistical purposes only under 28 U.S.C. § 159.**

Summarize the following types of liabilities, as reported in the Schedules, and total them.

| Type of Liability | Amount | |
|---|---|---|
| Domestic Support Obligations (from Schedule E) | $ | 0 |
| Taxes and Certain Other Debts Owed to Governmental Units (from Schedule E) | $ | 0 |
| Claims for Death or Personal Injury While Debtor Was Intoxicated (from Schedule E) (whether disputed or undisputed) | $ | 0 |
| Student Loan Obligations (from Schedule F) | $ | 18,980.00 |
| Domestic Support, Separation Agreement, and Divorce Decree Obligations Not Reported on Schedule E | $ | 0 |
| Obligations to Pension or Profit-Sharing, and Other Similar Obligations (from Schedule F) | $ | 0 |
| TOTAL | $ | 18,980.00 |

State the following:

| | | |
|---|---|---|
| Average Income  (from Schedule I, Line 16) | $ | 2,850.00 |
| Average Expenses (from Schedule J, Line 18) | $ | 2,808.00 |
| Current Monthly Income (from Form 22A Line 12; OR, Form 22B Line 11; OR, Form 22C Line 20 ) | $ | 2,850.00 |

State the following:

| | | | | |
|---|---|---|---|---|
| 1. Total from Schedule D, "UNSECURED PORTION, IF ANY" column | | | $ | 0 |
| 2. Total from Schedule E, "AMOUNT ENTITLED TO PRIORITY" column. | $ | 0 | | |
| 3. Total from Schedule E, "AMOUNT NOT ENTITLED TO PRIORITY, IF ANY" column | | | $ | 0 |
| 4. Total from Schedule F | | | $ | 60,380.00 |
| 5. Total of non-priority unsecured debt (sum of 1, 3, and 4) | | | $ | 60,380.00 |

CM/ECF - U.S. Bankruptcy Court (v5.1 - LIVE)    https://ecf.cacb.uscourts.gov/cgi-bin/HistDocQry.pl?369739769075...

**2:11-bk-32470-WB** Minon Trenell Miller
**Case type:** bk **Chapter:** 13 **Asset:** Yes **Vol:** v **Judge:** Julia W. Brand
**Date filed:** 05/24/2011 **Date of last filing:** 04/24/2013
**Debtor dismissed:** 10/27/2011
**Date terminated:** 05/14/2012

# History

| Doc. No. | Dates | | Description |
|---|---|---|---|
| | *Filed:* | 05/24/2011 | ❍ Receipt Number and Filing Fee (Auto) |
| | *Entered:* | 05/25/2011 | |
| 1 | *Filed & Entered:* | 05/24/2011 | ❍ Voluntary Petition (Chapter 13) |
| 2 | *Filed & Entered:* | 05/24/2011 | ❍ Meeting (AutoAssign Chapter 13) |
| 3 | *Filed & Entered:* | 05/24/2011 | ❍ Certificate of Credit Counseling |
| 4 | *Filed & Entered:* | 05/26/2011 | ❍ BNC Certificate of Notice |
| 5 | *Filed & Entered:* | 05/26/2011 | ❍ BNC Certificate of Notice |
| 6 | *Filed & Entered:* | 05/26/2011 | ❍ BNC Certificate of Notice |
| 7 | *Filed & Entered:* | 06/02/2011 | ❍ Chapter 13 Trustee's Notice of Requirements(batch) |
| 8 | *Filed:* | 06/07/2011 | ❍ Debtor's Certification of Employment Income |
| | *Entered:* | 06/08/2011 | |
| 9 | *Filed:* | 06/07/2011 | ❍ Certificate of Credit Counseling |
| | *Entered:* | 06/08/2011 | |
| 9 | *Filed:* | 06/07/2011 | ❍ Exhibit D |
| | *Entered:* | 06/08/2011 | |
| 10 | *Filed:* | 06/07/2011 | ❍ Chapter 13 Statement of Current Monthly and Disposable Income |
| | *Entered:* | 06/08/2011 | |
| 11 | *Filed:* | 06/07/2011 | ❍ Chapter 13 Plan |
| | *Entered:* | 06/08/2011 | |
| 12 | *Filed:* | 06/07/2011 | ❍ Summary of Schedules |
| | *Entered:* | 06/08/2011 | |
| 12 | *Filed:* | 06/07/2011 | ❍ Statistical Summary of Certain Liabilities |
| | *Entered:* | 06/08/2011 | |

10/30/2013 1:53 PM

| 12 | *Filed:* | 06/07/2011 | ❍ Declaration Re Sched |
| | *Entered:* | 06/08/2011 | |
| 12 | *Filed:* | 06/07/2011 | ❍ Schedule A - Real Property |
| | *Entered:* | 06/08/2011 | |
| 12 | *Filed:* | 06/07/2011 | ❍ Schedule B - Personal Property |
| | *Entered:* | 06/08/2011 | |
| 12 | *Filed:* | 06/07/2011 | ❍ Schedule C |
| | *Entered:* | 06/08/2011 | |
| 12 | *Filed:* | 06/07/2011 | ❍ Schedule D - Creditors Holding Secured Claims |
| | *Entered:* | 06/08/2011 | |
| 12 | *Filed:* | 06/07/2011 | ❍ Schedule E - Creditors Holding Unsecured Priority Claims |
| | *Entered:* | 06/08/2011 | |
| 12 | *Filed:* | 06/07/2011 | ❍ Schedule F - Creditors Holding Unsecured Nonpriority Claims |
| | *Entered:* | 06/08/2011 | |
| 12 | *Filed:* | 06/07/2011 | ❍ Schedule G |
| | *Entered:* | 06/08/2011 | |
| 12 | *Filed:* | 06/07/2011 | ❍ Schedule H |
| | *Entered:* | 06/08/2011 | |
| 12 | *Filed:* | 06/07/2011 | ❍ Schedule I - Average Income |
| | *Entered:* | 06/08/2011 | |
| 12 | *Filed:* | 06/07/2011 | ❍ Schedule J - Current Expenditures |
| | *Entered:* | 06/08/2011 | |
| 12 | *Filed:* | 06/07/2011 | ❍ Statement of Financial Affairs |
| | *Entered:* | 06/08/2011 | |
| 12 | *Filed:* | 06/07/2011 | ❍ Verification of List of Creditors (Mailing List) |
| | *Entered:* | 06/08/2011 | |
| 12 | *Filed:* | 06/07/2011 | ❍ Statement of Related Case |
| | *Entered:* | 06/08/2011 | |
| 12 | *Filed:* | 06/07/2011 | ❍ Notice Avail Chapters |
| | *Entered:* | 06/08/2011 | |
| 12 | *Filed:* | 06/07/2011 | ❍ Statement Assist non-Atty |
| | *Entered:* | 06/08/2011 | |
| 13 | *Filed &* | 06/17/2011 | ❍ Notice |
| | *Entered:* | | |
| | *Filed:* | 06/23/2011 | ❍ Receipt Number and Filing Fee (Auto) |
| | *Entered:* | 06/24/2011 | |
| | *Filed:* | 06/23/2011 | ❍ Receipt Number and Filing Fee (Auto) |
| | *Entered:* | 06/24/2011 | |
| 14 | *Filed:* | 06/23/2011 | ❍ Ex parte application |
| | *Entered:* | 06/27/2011 | |
| | *Terminated:* | 07/14/2011 | |

10/30/2013 1:53 PM

| 15 | Filed:<br>Entered:<br>Terminated: | 06/23/2011<br>06/27/2011<br>05/14/2012 | ● Motion for Relief - Imposing a Stay or Continuing the Automatic Stay |
| 16 | Filed:<br>Entered:<br>Terminated: | 07/08/2011<br>07/12/2011<br>05/14/2012 | ● Generic Motion |
| 17 | Filed:<br>Entered: | 07/14/2011<br>07/19/2011 | ● Order (Generic) (BNC-PDF) |
| 18 | Filed:<br>Entered:<br>Terminated: | 07/28/2011<br>08/02/2011<br>08/16/2011 | ● Generic Motion |
| 19 | Filed &<br>Entered:<br>Terminated: | 08/09/2011<br>09/09/2011 | ● Trustee's Motion to Dismiss Case (batch) |
| 20 | Filed &<br>Entered: | 08/09/2011 | ● Trustee's Objection to Confirmation of Plan (batch) |
|  | Filed &<br>Entered: | 08/16/2011 | ● Hearing (Bk Motion) Set |
| 21 | Filed &<br>Entered: | 08/16/2011 | ● Order on Generic Motion (BNC-PDF) |
| 22 | Filed:<br>Entered: | 08/16/2011<br>08/17/2011 | ● Debtor's notice of section 341(a) meeting and hearing on confirmation of chapter 13 plan with copy of chapter 13 plan |
| 23 | Filed:<br>Entered: | 08/16/2011<br>08/17/2011 | ● Declaration RE Tax Returns (Preconfirmation) |
| 24 | Filed &<br>Entered: | 08/18/2011 | ● BNC Certificate of Notice - PDF Document |
| 25 | Filed:<br>Entered:<br>Terminated: | 08/19/2011<br>08/23/2011<br>05/14/2012 | ● Generic Motion |
|  | Filed:<br>Entered: | 08/23/2011<br>08/25/2011 | ● Hearing (Bk Motion) Set |
| 26 | Filed:<br>Entered: | 08/23/2011<br>08/24/2011 | ● Amending Schedules D E or F |
| 26 | Filed:<br>Entered: | 08/23/2011<br>08/24/2011 | ● Summary of Schedules |
| 26 | Filed:<br>Entered: | 08/23/2011<br>08/24/2011 | ● Statistical Summary of Certain Liabilities |
| 26 | Filed:<br>Entered: | 08/23/2011<br>08/24/2011 | ● Schedule B - Personal Property |
| 26 | Filed:<br>Entered: | 08/23/2011<br>08/24/2011 | ● Schedule C |

| 26 | *Filed:* | 08/23/2011 | ◑ Proof of service |
| | *Entered:* | 08/24/2011 | |
| 26 | *Filed:* | 08/23/2011 | ◑ List of Creditors (Mailing List) |
| | *Entered:* | 08/24/2011 | |
| 27 | *Filed:* | 08/23/2011 | ◑ Generic Motion |
| | *Entered:* | 08/25/2011 | |
| | *Terminated:* | 05/14/2012 | |
| 28 | *Filed &* | 09/01/2011 | ◑ Supplemental |
| | *Entered:* | | |
| 29 | *Filed:* | 09/02/2011 | ◑ Opposition |
| | *Entered:* | 09/06/2011 | |
| 30 | *Filed:* | 09/02/2011 | ◑ Opposition |
| | *Entered:* | 09/06/2011 | |
| 32 | *Filed:* | 09/07/2011 | ◑ Opposition |
| | *Entered:* | 09/09/2011 | |
| | *Filed:* | 09/08/2011 | ◑ Hearing Held (Bk Motion) |
| | *Entered:* | 10/06/2011 | |
| | *Filed:* | 09/08/2011 | ◑ Document |
| | *Entered:* | 10/06/2011 | |
| 33 | *Filed:* | 09/08/2011 | ◑ Order (Generic) (BNC-PDF) |
| | *Entered:* | 09/09/2011 | |
| 31 | *Filed &* | 09/09/2011 | ◑ Voluntary Dismissal of Motion |
| | *Entered:* | | |
| 34 | *Filed &* | 09/16/2011 | ◑ Ex parte application |
| | *Entered:* | | |
| | *Terminated:* | 09/20/2011 | |
| | *Filed &* | 09/19/2011 | ◑ Hearing (Bk Motion) Set |
| | *Entered:* | | |
| | *Filed &* | 09/19/2011 | ◑ Hearing (Bk Motion) Set |
| | *Entered:* | | |
| 35 | *Filed &* | 09/19/2011 | ◑ Notice of Hearing |
| | *Entered:* | | |
| 38 | *Filed:* | 09/19/2011 | ◑ Opposition |
| | *Entered:* | 09/23/2011 | |
| 36 | *Filed &* | 09/20/2011 | ◑ Order (Generic) (BNC-PDF) |
| | *Entered:* | | |
| 37 | *Filed &* | 09/22/2011 | ◑ BNC Certificate of Notice - PDF Document |
| | *Entered:* | | |
| 39 | *Filed &* | 10/04/2011 | ◑ Opposition |
| | *Entered:* | | |

| doc | Filed & Entered: | 10/11/2011 | Hearing Held (Bk Motion) |
|---|---|---|---|
| 40 | Filed: Entered: Terminated: | 10/11/2011 10/13/2011 05/14/2012 | Motion to strike |
| 41 | Filed: Entered: | 10/12/2011 10/14/2011 | Supplemental |
| doc | Filed: Entered: | 10/13/2011 10/14/2011 | Hearing Held (Bk Motion) |
| | Filed: Entered: | 10/20/2011 10/21/2011 | Receipt Number and Filing Fee (Auto) |
| 42 | Filed: Entered: | 10/20/2011 10/26/2011 | Declaration |
| 43 | Filed: Entered: | 10/27/2011 10/31/2011 | Order Dismissing Case (BNC-PDF) |
| 44 | Filed & Entered: | 10/31/2011 | Notice of dismissal (BNC) |
| 45 | Filed & Entered: | 11/02/2011 | BNC Certificate of Notice |
| 46 | Filed & Entered: | 11/03/2011 | Order (Generic) (BNC-PDF) |
| 47 | Filed & Entered: | 11/05/2011 | BNC Certificate of Notice - PDF Document |
| 48 | Filed & Entered: | 11/07/2011 | Case Reassigned - Admin Order Reassigning Judge Only (batch) |
| 49 | Filed & Entered: | 03/28/2012 | Notice of Intent to File Trustees Final Rpt and Acct-Ch 13 Dismissed/Converted |
| 50 | Filed & Entered: | 05/10/2012 | Transcript |
| 51 | Filed & Entered: | 05/10/2012 | Decl. re: non-receipt of obj. to Trustees Final Report (Dismissed/Converted Chapter 13 Cases) |
| 52 | Filed & Entered: | 05/10/2012 | Chapter 13 Trustee's Final Report and Account (batch) |
| 53 | Filed & Entered: | 05/14/2012 | ORDER discharging chapter 13 panel trustee and exonerate bond liability |
| 54 | Filed & Entered: | 05/14/2012 | Close Bankruptcy Case |
| | Filed: Entered: | 04/24/2013 04/25/2013 | Receipt Number and Filing Fee (Auto) |

CM/ECF - U.S. Bankruptcy Court (v5.1 - LIVE)                https://ecf.cacb.uscourts.gov/cgi-bin/HistDocQry.pl?3697397690753...

| PACER Service Center | | | |
|---|---|---|---|
| Transaction Receipt | | | |
| 10/30/2013 13:52:57 | | | |
| PACER Login: | rr5636 | Client Code: | |
| Description: | History/Documents | Search Criteria: | 2:11-bk-32470-WB Type: History |
| Billable Pages: | 3 | Cost: | 0.30 |

# EXHIBIT 2

CM/ECF - U.S. Bankruptcy Court (v5.1 - LIVE)   https://ecf.cacb.uscourts.gov/cgi-bin/HistDocQry.pl?1094501205537...

**2:11-bk-23561-SK** Minon Trenell Miller
**Case type:** bk **Chapter:** 13 **Asset:** Yes **Vol:** v **Judge:** Sandra R. Klein
**Date filed:** 03/30/2011 **Date of last filing:** 05/17/2011
**Debtor dismissed:** 04/27/2011
**Date terminated:** 05/17/2011

# History

| Doc. No. | Dates | | Description |
|---|---|---|---|
| | *Filed:* | 03/30/2011 | ➊ Receipt Number and Filing Fee (Auto) |
| | *Entered:* | 03/31/2011 | |
| 1 | *Filed & Entered:* | 03/30/2011 | ➊ Voluntary Petition (Chapter 13) |
| 2 | *Filed & Entered:* | 03/30/2011 | ➊ Meeting (AutoAssign Chapter 13) |
| 3 | *Filed & Entered:* | 03/30/2011 | ➊ Statement of Social Security Number(s) Form B21 |
| 4 | *Filed & Entered:* | 04/01/2011 | ➊ BNC Certificate of Notice |
| 5 | *Filed & Entered:* | 04/01/2011 | ➊ BNC Certificate of Notice |
| 6 | *Filed & Entered:* | 04/01/2011 | ➊ BNC Certificate of Notice |
| 7 | *Filed & Entered:* | 04/15/2011 | ➊ Notice of Hearing |
| 9 | *Filed:* *Entered:* *Terminated:* | 04/26/2011 04/28/2011 05/17/2011 | ➊ Dismiss Debtor |
| 8 | *Filed & Entered:* | 04/27/2011 | ➊ ORDER and notice of dismissal for failure to file schedules, statements, and/or plan (Option A or Option B) (BNC) |
| 10 | *Filed & Entered:* | 04/29/2011 | ➊ BNC Certificate of Notice |
| 11 | *Filed & Entered:* | 05/02/2011 | ➊ Case Reassigned - Admin Order Reassigning Judge Only (batch) |
| 12 | *Filed & Entered:* | 05/10/2011 | ➊ Chapter 13 Trustee's Final Report and Account (batch) |
| 13 | *Filed & Entered:* | 05/11/2011 | ➊ Proof of service |
| 14 | *Filed:* *Entered:* | 05/13/2011 05/16/2011 | ➊ ORDER discharging chapter 13 panel trustee and exonerate bond liability |

| 15 | Filed & Entered: | 05/17/2011 | ◑ Close Bankruptcy Case |
|----|------------------|------------|--------------------------|

| PACER Service Center | | |
|---|---|---|
| **Transaction Receipt** | | |
| 10/30/2013 13:54:58 | | |
| **PACER Login:** | rr5636 | **Client Code:** | |
| **Description:** | History/Documents | **Search Criteria:** | 2:11-bk-23561-SK Type: History |
| **Billable Pages:** | 1 | **Cost:** | 0.10 |

# EXHIBIT 3

**2:05-bk-47679-RN** Minon Miller
**Case type:** bk **Chapter:** 7 **Asset:** No **Vol:** v **Judge:** Richard M Neiter
**Date filed:** 10/14/2005 **Date of last filing:** 08/07/2006 **Date discharged:** 07/12/2006
**Date terminated:** 08/07/2006

# History

| Doc. No. | Dates | | Description |
|---|---|---|---|
| 1 | *Filed:* | 10/14/2005 | ● Voluntary Petition (Chapter 7) |
| | *Entered:* | 10/27/2005 | |
| 2 | *Filed & Entered:* | 10/27/2005 | ● Meeting (AutoAssign Chapter 7) |
| | *Filed:* | 10/28/2005 | ● Receipt Number and Filing Fee (Auto) |
| | *Entered:* | 11/02/2005 | |
| 3 | *Filed:* | 10/29/2005 | ● BNC Certificate of Notice |
| | *Entered:* | 10/30/2005 | |
| | *Filed:* | 10/31/2005 | ● Receipt Number and Filing Fee (Auto) |
| | *Entered:* | 11/02/2005 | |
| 4 | *Filed:* | 10/31/2005 | ● List of Creditors (Mailing List) |
| | *Entered:* | 12/01/2005 | |
| 4 | *Filed:* | 10/31/2005 | ● Schedules A-J |
| | *Entered:* | 12/01/2005 | |
| 4 | *Filed:* | 10/31/2005 | ● Statement of Financial Affairs |
| | *Entered:* | 12/01/2005 | |
| 4 | *Filed:* | 10/31/2005 | ● Summary of Schedules |
| | *Entered:* | 12/01/2005 | |
| 5 | *Filed:* | 11/01/2005 | ● Declaration Re Sched |
| | *Entered:* | 12/06/2005 | |
| 6 | *Filed:* | 01/05/2006 | ● Trustee worksheet; meeting continued |
| | *Entered:* | 01/11/2006 | |
| 7 | *Filed:* | 01/05/2006 | ● Notice of continued meeting of creditors and appearance of debtor (11 USC 341(a)) |
| | *Entered:* | 01/11/2006 | |
| 8 | *Filed:* | 01/09/2006 | ● Request for special notice |
| | *Entered:* | 01/17/2006 | |
| 9 | *Filed:* | 01/25/2006 | ● Trustee worksheet; meeting concluded |
| | *Entered:* | 01/27/2006 | |
| 10 | *Filed:* | 01/25/2006 | ● Trustee No Asset Report (batch) |
| | *Entered:* | 01/27/2006 | |
| 11 | *Filed & Entered:* | 02/21/2006 | ● Judge Reassignment |

CM/ECF - U.S. Bankruptcy Court (v5.1 - LIVE)      https://ecf.cacb.uscourts.gov/cgi-bin/HistDocQry.pl?5965065888163...

| 12 | *Filed & Entered:* | 07/12/2006 | ● DISCHARGE OF DEBTOR - Chapter 7 (BNC) |
| | *Filed:* 07/14/2006 *Entered:* 07/17/2006 | | ● Receipt Number and Filing Fee (Auto) |
| 13 | *Filed & Entered:* | 07/14/2006 | ● BNC Certificate of Notice |
| 14 | *Filed & Entered:* | 08/07/2006 | ● Close Bankruptcy Case |

| PACER Service Center | | | |
|---|---|---|---|
| **Transaction Receipt** | | | |
| 10/30/2013 13:51:36 | | | |
| **PACER Login:** | rr5636 | **Client Code:** | |
| **Description:** | History/Documents | **Search Criteria:** | 2:05-bk-47679-RN Type: History |
| **Billable Pages:** | 1 | **Cost:** | 0.10 |

10/30/2013 1:51 PM

# EXHIBIT 4

1

2            RECEIVED                    FILED
           SUPERIOR COURT OF CALIFORNIA        SUPERIOR COURT OF CALIFORNIA
           CENTRAL JUSTICE CENTER              COUNTY OF ORANGE
3                                              CENTRAL JUSTICE CENTER

            DEC 03 2012                     JUDGMENT
4                                             DEC  1 7 2012

5                                        ALAN CARLSON, Clerk of the Court
                                            K. Beltran
6                                          BY  K. BELTRAN

7            SUPERIOR COURT OF THE STATE OF CALIFORNIA
            COUNTY OF ORANGE, CENTRAL JUSTICE CENTER
8                    UNLIMITED JURISDICTION

9    EDWARD GILLIAM,                    CASE NO. 30-2012-00565634
              Plaintiff,                JUDGMENT
10
                                        Date: November 30, 2012
11       v.                             Time: 9:30 am
                                        Dept: C8
12   MINON MILLER, an individual, NADIA Judge: Honorable KIRK NAKAMURA
     MILLER, an individual, LEE FRAZIER,
13   an individual, EDELL DEAS, an
     individual, FELANCIA FORD, an
14   individual, JOHN DEAS, an individual,
     MINON MILLER MID TAX SERVICE,
15   MINON MILLER INCOME TAX
     SERVICE, ACCESSORIES BY MINON,
16   INC., NONIM, LLC, a California limited
     liability company, and Does 1 through 20,
17   Defendants.

18

19

20

21

22

23

24

25

26

27

28

                        COURT ORDER

1   IT IS HEREBY ORDERED, ADJUDGED AND DECREED THAT JUDGMENT BE

2   ENTERED AS FOLLOWS FOR CASE 30-2012-00565634:

3   FOR: EDWARD GILLIAM

4   AGAINST: MINON MILLER

5   NONIM LLC

6   $ 29,555.42 ATTORNEY FEES, FILING OF MEMORANDUM OF COSTS

7   $ ~~18,928.17~~ MEDICAL FEES AND COSTS

8   $20,000.00 IN GENERAL DAMAGES, EMOTIONAL DISTRESS, MENTAL

9   ANGUISH, PAIN AND SUFFERING

10  ~~$10,711.91 IN INTEREST~~

11

12  THIS JUDGMENT OF FRAUDULENT CONVEYANCE, MALICIOUS

13  PROSECUTION AND INJUNCTIVE RELIEF APPLIES TO JUDGMENT AGAINST

14  MINON MILLER AND NONIM LLC AND IN FAVOR OF EDWARD GILLIAM.

15  ALL JUDGMENTS ENTERED BEFORE THIS JUDGMENT AGAINST MINON

16  MILLER ARE REVISED TO INCLUDE JUDGMENTS AGAINST NONIM LLC. THE

17  FOLLOWING CASES SHALL ADD NONIM LLC AS DEBTOR TO THE ABRSTACT OF

18  JUDGMENTS AND WRITS OF EXECUTIONS:

19  CASES: 08Q02108, 30-2008-00271829, 6:08-BK-26743, 6:09-AP-01091 AND 8:12-BK-

20  13356

21  THE COURT GRANTS INJUNCTIVE RELIEF AND ORDERS DEFENDANT NOT

22  TO TRANSFER ANY ASSETS WITHOUT THE COURT'S PERMISSION

23  THE COURT GRANTS PLAINTIFF'S REQUEST FOR THE APPOINTMENT OF A

24  RECEIVER AS NEEDED

25  This judgment conforms to the order of the court.

26  Dated: 12/5/2012

27

28

-2-

COURT ORDER

1
2
3
4
5    IT IS SO ORDERED
6
7
8    HONORABLE KIRK NAKAMURA
9    SUPERIOR COURT JUDGE
10   DATE: December _17_ 2012
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

-3-
COURT ORDER



**FILED**
SUPERIOR COURT OF CALIFORNIA
COUNTY OF ORANGE
CENTRAL JUSTICE CENTER

DEC 17 2012

ALAN CARLSON, Clerk of the Court
K. Beltran
BY K. BELTRAN

**COURT ORDER**

SUPERIOR COURT OF THE STATE OF CALIFORNIA
COUNTY OF ORANGE, CENTRAL JUSTICE CENTER
UNLIMITED JURISDICTION

EDWARD GILLIAM,
    Plaintiff,

    v.

MINON MILLER, an individual, NADIA
MILLER, an individual, LEE FRAZIER,
an individual, EDELL DEAS, an
individual, FELANCIA FORD, an
individual, JOHN DEAS, an individual,
MINON MILLER MID TAX SERVICE,
MINON MILLER INCOME TAX
SERVICE, ACCESSORIES BY MINON,
INC., NONIM, LLC, a California limited
liability company, and Docs 1 through 20,
    Defendants.

CASE NO. 30-2012-00565634
ORDER AND FINDINGS OF FACT

Date: November 30, 2012
Time: 9:30 am
Dept: C8
Judge: Honorable KIRK NAKAMURA

The Court enters default judgment on fraudulent conveyance, malicious prosecution, and injunctive relief in favor of Edward Gilliam and against Minon Miller and Nonim LLC.

COURT ORDER

1    The Court rules there was a fraudulent conveyance when Minon Miller transferred her

2    business from Minon Miller Income Tax Service or Minon Miller MTD Tax Service to Nonim

3    LLC on April 8, 2010 to avoid paying judgments issued on or about the time of transfer. The

4    Court also finds this fraudulent conveyance was made to defeat, hinder, delay, defraud creditors

5    or others of their just and lawful actions, suits, debts, accounts, damages, penalties or forfeitures

6    and are void against such persons and their assigns.

7         The Court rules Minon Miller's commencement of several civil proceedings against

8    Edward Gilliam in Superior Court and Bankruptcy Court are actionable because it harmed

9    Edward Gilliam against whom the claims were made and also because it threatened the efficient

10   administration of justice. The Court finds that Edward Gilliam was harmed because he was

11   compelled to defend against fabricated claims which not only subjected him to an array of

12   psychological pressures, but also the additional stress of attempting to resist suits commenced out

13   of revenge, spite or ill will, often accommodated by slanderous allegations in the pleadings.

14        Based on the wrong done to Edward Gilliam by Minon Miller settled law permits him to

15   recover the cost of defending the prior action including attorney fees, compensation for injury to

16   his reputation or impairment of his social and business standing in the community, for mental or

17   emotional distress, pain and suffering. (Bertero v. National General Corp. (1974) 13 Cal. 3d 43,

18   50-51 (118 Cal. Reporter, 529 P.2d 608, 65 A.L.R.3d 878].)

19        The elements of a cause of action for malicious prosecution are that the prior action was

20   (1) commenced by or at the direction of the defendant and was pursued to a legal termination in

21   the plaintiff's favor; (2) was brought without probable cause and (3) was initiated with malice.

22   (Berto, supra, 13 Cal. 3d at p.50). The Court finds that Minon Miller was malicious in her

23   prosecutions.

24        After reviewing the memorandum of points and authority and supporting documents from

25   each party and after denying the Defendant's motion to set aside default, the Court grants default

26   judgment in favor of Edward Gilliam against Minon Miller and Nonim LLC in the amount of

27   $60,393.89 plus interest of $10,711.84 for a total of $71,105.73. This total comprises $29,555.42    *53,555.42

28   in attorney fees, $10,838.47 in medical fees, $10,711.84 in interest, and $20,000 in general    #4,000.00

-2-

COURT ORDER

1  damages for mental and emotional distress, pain and suffering. Nonim LLC is to be added to the
2  judgments as judgment debtor in case #'s 08Q02108, 30-2008-00271829, 6:08-bk-26743/6:09-ap-
3  01091and 8:12-bk-13356.
4
5
6
7
8     IT IS SO ORDERED
9
10
11     HONORABLE KIRK NAKAMURA
12     SUPERIOR COURT JUDGE
13     DATE: December _17_ 2012
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

-3-
COURT ORDER

# EXHIBIT 5

STEPHEN J. DONELL
RECEIVER
12121 Wilshire Boulevard, Suite 1120
Los Angeles, CA 90025
Telephone: 310.207.8481
Facsimile: 310.207.3483

**ELECTRONICALLY FILED**
Superior Court of California,
County of Orange
**07/29/2013** at 04:01:00 PM
Clerk of the Superior Court
By Diana A Norman, Deputy Clerk

# SUPERIOR COURT OF THE STATE OF CALIFORNIA

## COUNTY OF ORANGE, CENTRAL DIVISION

| | |
|---|---|
| EDWARD GILLIAM,<br><br>     Plaintiff<br><br>vs.<br><br>MINOR MILLER AND NONIM LLC, et al.,<br><br>     Defendants. | CASE NO. 30-2012-00565634<br><br>**OATH OF RECEIVER**<br><br>DEPT NO.: C15 |

I, Stephen J. Donell, having been appointed Receiver in the above entitled action, swear that I will faithfully, honestly and impartially discharge my duties as Receiver arising out of this action and will obey the order(s) of the Court.

Except as set forth in the Order Appointing Receiver and Vacating Order of May 16, 2013 and the Order Appointing Receiver in Aid of Execution entered on July 22, 2013 in the above referenced case, I certify that I have no contract, agreement, arrangement or understanding with the plaintiff, defendant or any lender as to my role as Receiver; the retention of professionals or agents during or after the receivership period; or the administration and administrative expenses of the receivership estate.

I declare under the penalty of perjury under the laws of the State of California that the foregoing is true and correct.

DATED: 7-29-13                    By: _____
                                        Stephen J. Donell, Receiver

**OATH OF RECEIVER**

# American Contractors Indemnity Company 

In the ___SUPERIOR___ Court
County of ___ORANGE___ State of California

**FILED**
SUPERIOR COURT OF CALIFORNIA
COUNTY OF ORANGE
CENTRAL JUSTICE CENTER

**JUL 30 2013**

ALAN CARLSON, Clerk of the Court

)
)
)
)
EDWARD GILLIAM,                )
)
Plaintiff(s)                          )
)
vs.                               )
)
MINOR MILLER, an individual, et al.,    )
)
)
Defendants                       )
)
)
)
)
)
)

Case No. ___30-2012-00565634___

UNDERTAKING UNDER
SECTION ___567(b)___ C.C.P.
American Contractors Indemnity Company
601 S. Figueroa St., Suite 1600
Los Angeles, CA 90017

COPY

WHEREAS, the above named ___STEPHEN J. DONELL___ desires to
give an undertaking for ___RECEIVER___ as provided in
Section ___567(b)___ C.C.P.

NOW THEREFORE, the undersigned Surety, does hereby obligate itself, jointly and severally, to _____
___THE STATE OF CALIFORNIA___ under said
statutory obligations in the sum of ___TEN THOUSAND AND 00/100___
___ Dollars ($ ___10,000.00___ ).

IN WITNESS WHEREOF, The corporate seal and name of the said Surety Company is hereto affixed and attested by
___JUSTIN BUENAVENTURA___ who declares under penalty of perjury that he is its duly authorized Attorney-in-Fact acting under an
unrevoked power of attorney on file with the Clerk of the County in which above entitled Court is located.

Executed at ___LOS ANGELES___, California on ___JULY 29, 2013___

Bond No. ___1000970227___

The premium charge for this bond is
$ ___100.00___ per annum.

AMERICAN CONTRACTORS INDEMNITY COMPANY

Attorney-in-Fact    JUSTIN BUENAVENTURA

1  Byron Z. Moldo (SBN 109652)
      bmoldo@ecjlaw.com
2  Matthew J. Eandi (SBN 279734)
      mjeandi@ecjlaw.com
3  **ERVIN COHEN & JESSUP LLP**
   9401 Wilshire Boulevard, Ninth Floor
4  Beverly Hills, California 90212-2974
   Telephone  (310) 273-6333
5  Facsimile  (310) 859-2325

6  Attorneys for Stephen J. Donell, State Court Receiver

7

8        **SUPERIOR COURT OF THE STATE OF CALIFORNIA**

9        **COUNTY OF ORANGE, CENTRAL JUSTICE CENTER**

10

11  EDWARD GILLIAM, an individual,            Case No. 30-2012-00565634

12           Plaintiff,                        **DECLARATION OF STEPHEN J.
                                                DONELL, STATE COURT RECEIVER IN
13           v.                                 SUPPORT OF MOTION OF EDWARD
                                                GILLIAM FOR ORDER TO SHOW
14  MINON MILLER, an individual; NADIA         CAUSE RE: CONTEMPT OF COURT**
    MILLER, an individual; LEE FRAZIER, an
15  individual; EDELL DEAS, an individual;     Judge:  Hon. Kirk H. Nakamura
    FELANCIA FORD, an individual; MINON        Date:   October 10, 2013
16  MILLER MTD TAX SERVICE; MINON              Time:   2:00 p.m.
    MILLER INCOME TAX SERVICE;                 Dept.:  C15
17  ACCESSORIES BY MINON, INC.; NONIM,
    LLC, a California limited liability company,   Assigned for All Purposes to the Hon. Kirk H.
18  and DOES 1-20,                             Nakamura, Dept. C15

19           Defendants.                        Complaint Filed: 04/30/2012

20

21  ///

22  ///

23  ///

24  ///

25  ///

26  ///

27  ///

28  ///

13326.13:1858887.1

**ERVIN COHEN & JESSUP** LLP

# DECLARATION OF STEPHEN J. DONELL

1

2    I, Stephen J. Donell, hereby declare as follows:

3    1.    I am the President of FedReceiver, Inc. and currently serve as the duly appointed,

4    qualified and acting State Court Receiver in the case of *Edward Gilliam v. Minon Miller et al.*,

5    Orange County Superior Court Case No. 30-2012-00565634.  All of the statements contained

6    herein are true of my own personal knowledge.  If called as a witness I could and would

7    competently to testify to my statements herein.

8    2.    This Declaration is submitted in support of the "Notice of Motion and Motion for

9    Order to Show Cause re: Contempt of Court [Contemnors: Minon Miller, Nonim LLC], Motion to

10    Modify Judgment to Add Nadia Miller Pursuant to Cal. Corp. 17000 et. seq." filed by Plaintiff,

11    Edward Gilliam in the above-entitled case on September 3, 2013 ("Motion")

12    3.    I have reviewed the Motion and am familiar with its contents, including the

13    exhibits attached thereto.

14    4.    **Exhibit "A"** appended to the Motion contains a true and complete copy of

15    correspondence that I prepared and sent to Richard Hurley, Esq. and Minon Miller dated August 8,

16    2013.  As of the preparation of this declaration I have not received any response to my August 8,

17    2013 letter.

18    I declare under penalty of perjury under the laws of the State of California that the

19    foregoing is true and correct.

20    Executed this 12th day of September 2013 at Los Angeles, California.

21

22

23    By: _Stephen Donell_ _____
         Stephen J. Donell

24

25

26

27

28

13326.13:1858887.1

DECL. OF STEPHEN J. DONELL, RECEIVER IN SUPPORT OF ORDER TO SHOW CAUSE RE: CONTEMPT OF
COURT



**ELECTRONICALLY RECEIVED**
Superior Court of California,
County of Orange
07/30/2013 at 04:25:22 PM
Clerk of the Superior Court
By Claus A.Hansen ,Deputy Clerk

EDWARD GILLIAM
12672 LIMONITE AVENUE
CORONA, CA 92880
TELEPHONE: 323-447-3199

Plaintiff

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# SUPERIOR COURT OF THE STATE OF CALIFORNIA

## COUNTY OF ORANGE

EDWARD GILLIAM,

                  Plaintiff,

    v.

MINON MILLER, an individual, et al.,

                  Defendants.

CASE NO.: 30-2012-00565634
**AMENDED**
ORDER APPOINTING RECEIVER IN AID
OF EXECUTION

Date:     July 18, 2013
Time:    2:00 p.m.
Dept:    C15

On December 17, 2012, the Court entered its Order and Findings of Fact, and Judgment which granted judgment in favor of plaintiff Edward Gilliam ("Plaintiff") and against defendants Minon Miller ("Miller") and Nonim LLC, a California limited liability company ("Nonim"). The Judgment provided, in part, that Plaintiff's request for the appointment of a Receiver was granted. Based thereon, the Court hereby orders as follows:

    I.    IT IS HEREBY ORDERED, ADJUDGED AND DECREED that Stephen J. Donell be and hereby is appointed Receiver in this action in aid of execution of Plaintiff's outstanding judgments against Miller and Nonim, subject to the condition that before entering upon his duties as such Receiver, the said Receiver shall take the oath and file herein a bond with surety thereon approved by this Court in the sum of $ 10,000 conditioned for the faithful performance of his duties as such Receiver. The Receiver and members of his staff shall be compensated at rates set forth in

13373 1 17A3719 1
101897J.1  16996.00001

1

**ORDER APPOINTING RECEIVER IN AID OF EXECUTION**

1   the fee scheduled attached hereto as Exhibit "A," and the Receiver shall be entitled to

2   reimbursement for all costs advanced.

3      2.   IT IS FURTHER ORDERED that after so qualifying, said Receiver is authorized to

4   immediately assume possession and control of all assets of defendants Miller and Nonim except

5   those assets that are exempt under California law or Federal law, wherever located, included but not

6   limited to Nonim LLC located at 454 Plaza Avenue, Suite 103, Carson, CA 90746. The Receiver

7   shall have the authority subject to California law and Federal law regarding property that is exempt

8   and non-exempt from collection pursuant to an ordinary money judgment and judgment laws to

9   assume possession and control of all businesses, accounts, contract rights, books and records

10   including but not limited to all ledgers, books, receipts of expenditure, evidence of income, written

11   instruments, documents and memoranda of every kind and description, records and accounting

12   records, all banking records, cancelled checks, bank statements, including but limited to general

13   ledgers, minute books, books of original entry, paid bills, unpaid bills, accounts receivable ledgers,

14   and any other financial information relating to defendants Miller and Nonim to enable the Receiver

15   to perform his duties pursuant to the terms of this order.

16      3.   IT IS FURTHER ORDERED that the Receiver shall care for, preserve and maintain

17   Nonim LLC and incur the expenses necessary in such care, preservation and maintenance; that

18   monies coming into the possession of the said Receiver pursuant hereto and not expended for any of

19   the purposes herein authorized shall be held by the said Receiver for payment of Plaintiff's

20   outstanding judgments, subject to such orders as this Court may hereinafter issue as to its

21   disposition; and that the said Receiver, or any party to this action, may from time to time and on due

22   notice to all parties entitled thereto apply to this Court for orders instructing the said Receiver.

23      4.   IT IS FURTHER ORDERED that the said Receiver subject to the further order of this

24   Court, shall operate and conduct Nonim LLC in the ordinary and usual course of business, and the

25   Receiver is hereby authorized to employ servants, agents, employees, attorneys, clerks and

26   accountants; to purchase materials, supplies, and services and to pay therefore at ordinary and usual

27   rates and prices out of funds that shall come into his possession as such Receiver; to compromise

28   debts of the business and as such Receiver to do all things and to incur the risks and obligations

1  ordinarily incurred by owners, managers, and operators of similar businesses and enterprises and that

2  no such risk or obligation so incurred shall be the personal risk or obligation of said Receiver but

3  shall be a risk or obligation of the Receivership Estate.

4      5.    IT IS FURTHER ORDERED that defendants Miller and Nonim LLC are directed to

5  notify the Receiver immediately upon said Receiver taking possession of Nonim LLC and any other

6  property or premises whether or not there is any existing insurance coverage.  If sufficient insurance

7  coverage does exist, defendants Miller and Nonim LLC shall be responsible and are hereby ordered

8  to make certain that the Receiver is named as an additional insured on all policies for the period that

9  the Receivership Estate shall be in possession of Nonim LLC or any other property.

10      If sufficient insurance coverage does not exist, it is hereby ordered that the Receiver shall

11  have thirty (30) working days to procure said insurance, provided he has funds available to do so,

12  and during such period said Receiver shall not be personally responsible for claims arising or for the

13  procurement of insurance, and shall return to the Court for instructions.

14      6.    IT IS FURTHER ORDERED that Stephen J. Donell shall have the following powers

15  and responsibilities as Receiver subject to California law regarding exempt and non-exempt assets:

16      a.    To hire, employ and retain certified public accountants, investigators,

17  computer consultants, and any other personnel or employees which the Receiver deems necessary to

18  assist him in the discharge of his duties under this Order;

19      b.    To take possession and control of all of the books and records of defendants

20  Miller and Nonim LLC, including but not limited to correspondence, books, accounts, leases, rental

21  agreements, bank statements and cancelled checks whether in the possession and control of

22  defendants Miller or Nonim LLC, or in the possession or control of their agents, servants, or

23  employees, provided, however, that said books and records shall be made available for the use of the

24  agents, servants, and employees of defendants Miller or Nonim LLC  in the normal course of

25  performance of their duties.

26      c.    To utilize his staff in the administration of the receivership estate.

27      d.    The Receiver is authorized to employ the law firm of Ervin Cohen & Jessup

28  LLP ("ECJ") as his general counsel, and the Receiver is authorized to pay for such services from the

1    funds of the Receivership Estate.  The Receiver is specifically directed to investigate whether

2    defendants Miller and Nonim have fraudulently transferred or conveyed any assets, and if grounds

3    exist, the Receiver and ECJ are authorized to commence any and all actions to recover any assets

4    that were improperly transferred or conveyed.

5        e.    To take possession of any and all checks, money orders or cash payments

6    payable to defendants Miller and Nonim LLC, wherever received;

7        f.    To demand that defendants Miller and Nonim LLC turn over to the Receiver

8    all of said checks, money orders or cash payments to him;

9        g.    To apply said checks, money orders and payments in satisfaction of the

10   obligations of defendants Miller and Nonim LLC to Plaintiff, after payment of administrative fees

11   and costs, and subject to such orders as this Court may hereinafter issue as to its disposition;

12       h.    To prepare and execute any and all documents, and to perform all acts, either

13   in the names of defendants Miller or Nonim LLC or in the Receiver's name, which are necessary,

14   required, or incidental to the performance of the Receiver's duties as set forth in this order;

15       i.    To borrow such funds from Plaintiff (or third parties) as may be necessary to

16   satisfy the costs and expenses of the receivership to the extent that the funds derived from the assets

17   and property of defendants Miller and Nonim LLC are insufficient to satisfy such costs and

18   expenses.  In exchange for such advances from Plaintiff (or third parties) the Receiver is authorized

19   to prepare and issue Receiver's Certificate(s) in favor of the lender to evidence the obligation of the

20   receivership estate, which Receiver's Certificate(s) shall bear interest at no more than five percent

21   (5%);

22   7.    IT IS FURTHER ORDERED that the Receiver is authorized to:

23       a.    Receive directly from the United States Postal Service ("USPS"), their

24   employees, or any private mail delivery service, and their employees, and to inspect all mail, other

25   than mail expressly labeled "Personal" received by defendants Miller and Nonim and their owned

26   and controlled entities, at any address including but not limited to 603 East University Avenue, PMB

27   603, Carson, CA 90746;

28

13373.1:17337/9.1

10189.L1  16996.00001

4

ORDER APPOINTING RECEIVER IN AID OF EXECUTION

1        b.    Instruct the USPS and its employees, or any private mail delivery service, and

2    their employees, to deliver any mail, other than as may be labeled "Personal," addressed to

3    defendants Miller or Nonim LLC , to the Receiver rather than depositing said mail in any USPS or

4    private mail box. The Receiver shall, subsequent to his review of the contents of said mail, deliver

5    to defendants Miller and Nonim LLC said mail other than those checks, money orders and payments

6    in any form, made payable to defendants Miller or Nonim LLC, to be applied to Plaintiff's

7    judgments after payment of all administrative fees and costs;

8        c.    Extract from said mail and take possession of any and all checks, money

9    orders, or cash payments payable to defendants Miller or Nonim LLC;

10    8.    IT IS FURTHER ORDERED that the Receiver shall be authorized to prepare periodic

11    interim statements reflecting the Receiver's fees, including staff, legal fees and costs, accounting fees

12    and costs, and administrative costs and expenses incurred for said period in the operation and

13    administration of the Receivership Estate herein. Upon completion of an interim statement, and

14    mailing said statement to the parties' respective attorneys of record or any other designated person or

15    agent, the Receiver shall pay from estate funds, if any, the amount of said statement. Despite the

16    periodic payment of Receiver's fees and administrative expenses, said fees and expenses shall be

17    submitted to the Court, for its approval and confirmation, in the form of either a noticed interim

18    request for fees, Stipulation among the parties, or Receiver's Final Account and Report.

19    9.    IT IS FURTHER ORDERED that the Receiver shall, within thirty (30) days of his

20    qualification hereunder, file in this action, an inventory of all property of which he shall have taken

21    possession pursuant hereto, and if he shall subsequently come into possession thereof he shall

22    prepare and file a supplemental inventory;

23    10.    IT IS FURTHER ORDERED that the Receiver shall take possession of and receive

24    from any financial institution any money on deposit in said bank to the credit of defendants Miller

25    and Nonim LLC, and the receipt of the Receiver for said funds shall discharge said bank from

26    further responsibility for accounting to said account holder for funds which the Receiver shall give

27    his receipt.

28

13373 1 17337191

321891.1  16996 00001

ORDER APPOINTING RECEIVER IN AID OF EXECUTION

1    11.    IT IS FURTHER ORDERED that the Receiver is empowered to establish such

2    accounts at such bank as the Receiver may determine is appropriate. The Receiver shall be the

3    authorized signatory on such accounts, and the Receiver is authorized to designate additional

4    signatories on such accounts.

5    12.    IT IS FURTHER ORDERED that in addition to all of the powers hereinabove set

6    forth, the Receiver is hereby vested and all of the general powers of receivers in case of this kind,

7    subject to the direction of this Court, and said Receiver shall, from time to time, or when directed by

8    the Court, render to the Court reports of the proceedings and accountings with respect to all of the

9    acts and things done by him and all monies received and expended by him or his agents.

10    13.    IT IS FURTHER ORDERED that defendants Miller and Nonim LLC, and all of their

11    agents, employees, servants, and all persons acting in concert with them are directed to forthwith

12    deliver to the Receiver:

13        a.    All of the books and records of defendants Miller and Nonim LLC, including

14            but not limited to correspondence, books, records, leases, rental agreements, bank statements

15            and cancelled checks of defendants Miller and Nonim LLC whether in their possession and

16            control or in the possession or control of their agents, servants, or employees;

17        b.    All tax identification numbers of defendants Miller and Nonim LLC;

18        c.    All passwords and combinations to allow the Receiver to gain immediate

19            access to, including but not limited to computers, telephones, security systems, safes, post

20            office boxes, and safe deposit boxes in the possession or control of defendants Miller and

21            Nonim; and

22        d.    Keys to allow the Receiver to gain immediate access to the assets and

23            property of defendants Miller and Nonim, including but not limited to safes, post office

24            boxes, and safe deposit boxes.

25    14.    IT IS FURTHER ORDERED that:

26        a.    Defendants Miller and Nonim and all of their agents, employees, servants, and

27            all persons acting in concert with him, are hereby enjoined and restrained from interfering

28            with or constraining the Receiver or persons acting on behalf of the Receiver, in the

1    discharge of his duties or from withholding from the Receiver any of the assets, properties,

2    books or records as the Receiver may request pursuant to this Order;

3           b.     Defendants Miller and Nonim and all of their agents, servants, directors,

4    officers, affiliates, employees, attorneys, representatives, and all other persons and entities

5    acting in concert with them or any of them shall be and hereby are, enjoined and restrained

6    from engaging in or performing directly, or indirectly, any of the following acts:

7           c.     Expending, disbursing, transferring, assigning, selling, conveying, devising,

8    pledging, mortgaging, creating a security interest in, encumbering, concealing or in any

9    manner whatsoever dealing in or disposing of the whole or any part of their assets and

10    property without the written consent of the Receiver first obtained.

11           d.     Doing any act which will or which will tend to, impair, defeat, divert, prevent

12    or prejudice the preservation of the proceeds of their assets or property in whatever form the

13    interest is held or used as of this date pending further proceedings in this action.

14           e.     Destroying, concealing, transferring or failing to preserve any document

15    which evidences, reflects or pertaining to their assets or property or any of their disposition

16    or any part thereof.

17      15.    IT IS FURTHER ORDERED that the Receiver and the parties to this action may,

18    from time to time and upon due notice to the parties entitled thereto, petition this Court for

19    instructions in pursuance of this Order and may request a modification of this Order and further

20    orders of request this Court shall make.

21      16.    IT IS FURTHER ORDERED that the cost of the receivership estate will be paid out of

22    the proceeds and assets collected by the Receiver. Costs, fees, and other expenses of the

23    receivership are not to be added to the judgment except by Court order following a noticed motion.

24

25    DATED:    8/4/13            _Le H. ~_
                                   Honorable JUDGE Kirk Nakamura

26

27

28

**FedReceiver**®, Inc.
_state and federal court receivers_

Stephen J. Donell
Receiver
12121 Wilshire Boulevard, Suite 1120 | Los Angeles, CA 90025
Telephone: 310.207.8481 | Facsimile: 310.207.3483
www.fedreceiver.com
Broker License # 01295754
Email: Steve.Donell@fedreceiver.com

Sent via Email to Richard Hurley, Esq. at counselorhurley@gmail.com
And via Regular U.S. Mail to Mr. Hurley and Ms. Miller

August 8, 2013

Richard Hurley, Esq.
2121 Placentia Ave Ste C
Costa Mesa, CA 92627

Ms. Minon Miller
20014 Eddington Avenue
Carson, CA 90746

RE:  **Edward Gilliam v. Minon Miller and Nonim LLC**
     **Appointment of Receiver**
     **Demand for Turnover**

Dear Mr. Hurley and Ms. Miller:

As you know, on July 22, 2013 I was appointed as Receiver in the above referenced case in
aid of execution of Plaintiff's outstanding judgments against Minon Miller and Nonim LLC. A
copy of the court's July 22, 2013 Order Appointing Receiver In Aid of Execution ("Order") is
enclosed for your reference. In addition, a copy of the Court's August 6, 2013 Amended
Order Appointing Receiver in Aid of Execution ("Amended Order") is enclosed. In accordance
with the Order and Amended Order, demand is herewith made that you deliver to me no
later than August 15, 2013, the following information, items and documentation which are
responsive to the Order and Amended Order:

1.  Original fire and liability insurance policy, as well as names, addresses and telephone
    numbers of the insurance agents.

2.  Lease Agreement for the business location 454 Carson Plaza, Suite 103, Carson, CA.

3.  Copies of operating statements for the last twelve (12) months including a detailed
    accounts receivable listing.

4.  All personal and business books and records, accounts, cancelled checks, bank
    statements and correspondence, including those records held in digital form on

August 9, 2013
Page 2 of 2

computers.  All computers containing business or personal books and records.

5.    A list of all bank accounts where the Defendants or their subsidiaries maintain funds
      on deposit, plus copies of all bank statements and cancelled checks from inception to
      present.

6.    Any and all monies, checks, funds or proceeds belonging to or for the benefit of the
      Defendants in you or your client's possession.

7.    A detailed list of the Defendants' assets, executed under penalty of perjury.

8.    Any and all additional items as required by the Order.

Thank you in advance for your cooperation.

Sincerely yours,

Stephen J. Donell
Receiver

Enclosures

Cc: Byron Moldo, Esq. via email

# ERVIN COHEN & JESSUP LLP

9401 Wilshire Blvd., 9th Floor
Beverly Hills, CA 90212-2974
bmoldo@ecjlaw.com
PH: 310.281.6354
FX: 310.887.6802
File 13326.013

August 16, 2013

Richard Hurley, Esq.
2121 Placentia Avenue, Suite C
Costa Mesa, CA 92627

Ms. Minon Miller
20014 Eddington Avenue
Carson, CA 90746

Re:    **Edward Gilliam v. Minon Miller and Nonim LLC;**
       **Orange County Superior Court - Case No. 30-2012-00565634**

Dear Mr. Hurley and Ms. Miller:

On July 22, 2013, the Court filed its Order Appointing Receiver in Aid of Execution ("Order"). Subsequently, on August 6, 2013, the Court filed its Amended Order Appointing Receiver in Aid of Execution ("Amended Order"). The Order and Amended Order will be referred to as the "Orders." On August 8, 2013, the Receiver prepared and sent a letter to you, and enclosed copies of the Orders. A copy of the Receiver's August 8, 2013 letter is enclosed herewith for your reference. The Receiver's August 8, 2013 letter demanded that defendants deliver to the Receiver no later than August 15, 2013, the following information, items and documentation, as required by the Orders:

1.    Original fire and liability insurance policies, as well as names, addresses and telephone numbers of the insurance agents;

2.    Lease agreement for the business location at 454 Plaza Avenue, Suite 103, Carson, CA 90746;

3.    Copies of operating statements for the last 12 months, including a detailed accounts receivable listing;

4.    All personal and business books and records, accounts, cancelled checks, bank statements and correspondence, including those records held in digital form on computers. All <u>computers</u> containing business or personal books and records;

13326.13:1849728.1

ERVIN COHEN & JESSUP LLP

Richard Hurley, Esq.
August 16, 2013
Page 2

5.    A list of all bank accounts where the defendants or their subsidiaries maintain funds on deposit, plus copies of all bank statements and cancelled checks from inception to present;

6.    Any and all monies, checks, funds, or proceeds belonging to, or for the benefit of, the defendants, in your or your client's possession;

7.    A detailed list of the defendants' assets, executed under penalty of perjury; and

8.    Any and all additional items as required by the Orders.

As of the preparation of this letter, none of the information requested in the Receiver's August 8, 2013 letter has been provided. The Receiver herewith renews his demand for all of the information, items and documents requested in his August 8, 2013 letter, as well as any additional matters required by the Orders. I specifically direct your attention to paragraph 13 of the Amended Order.

Unless the defendants fully and completely comply with the Receiver's demands, as well as provisions of the Order and Amended Order, by no later than the close of business on Wednesday, August 21, 2013, the Receiver will advise the Court of the failure of the defendants to comply and cooperate, and seek any and all available remedies, including, but not limited to, a citation for contempt. Please govern yourselves accordingly.

Very truly yours,

Byron Z. Moldo

BZM:lp

cc:    Stephen J. Donell, State Court Receiver
       Edward Gilliam

13326.13:1849728.1

# PROOF OF SERVICE

STATE OF CALIFORNIA, COUNTY OF RIVERSIDE

At the time of service, I was over 18 years of age and not a party to the action.  My address is PO Box 969, Norco, California 92860.  On NOVEMBER 8, 2013, I served the following document (s):

I served the documents on the following persons at the following addresses (including fax numbers and email addresses, if applicable): MOTION TO DISMISS CHAPTER 7 CASE WITH PREJUDICE PURSUANT TO 11 U.S.C. SEC. 707 (b) (3) (A)

UNITED STATES BANKRUPTCY COURT
CENTRAL DISTRICT OF CALIFORNIA
Edward R. Roybal Federal Bldg. and Courthouse
255 E. Temple Street, Suite 1682/Courtroom 1675
Los Angeles, Ca. 90012

UNITED STATES TRUSTEE
JOHN MENCHACA
255 Temple Street
Los Angeles, Ca. 90012

Mr. Richard Hurley
2121 Placentia Ave. Suite C
Costa Mesa, CA 92627

Minon Miller
603 E. University Dr. PMB 603
Carson, Ca. 90746

Minon Miller
20014 Eddington Ave.
Carson, Ca. 90746

Stephen J. Donell, State Court Receiver121121 Wilshire Bl.
Suite 1120
Los Angeles, Ca. 90025

Byron Moldo. Receiver Attorney
9401 Wilshire Blvd. 9th Floor
Beverly Hills, Ca. 90212-2974

**The documents were served by the following means:**

[x] (By U.S. Mail)  I served the documents by enclosing a true copy in a sealed envelope addressed to each person whose name and address is listed above and depositing the envelope in the United States mail with the postage fully prepaid and by email.

[ ] (By facsimilie) I served the documents by transmitting them via facsimilie from facsimilie to each of the persons listed above at each of the facsimilie numbers listed above.

I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

Executed on NOVEMBER 8, 2013 at Corona, California

**MAXINE GILLIAM**

## PROOF OF SERVICE

STATE OF CALIFORNIA, COUNTY OF RIVERSIDE

At the time of service, I was over 18 years of age and not a party to the action. My address is PO Box 969, Norco, California 92860. On October 31, 2013, I served the following document (s):

I served the documents on the following persons at the following addresses (including fax numbers and email addresses, if applicable): MOTION FOR RELIEF OF STAY AND MOTION TO DISMISS CHAPTER 7 CASE WITH PREJUDICE PURSUANT TO 11 U.S.C. SEC. 707 (b) (3) (A)

UNITED STATES BANKRUPTCY COURT
CENTRAL DISTRICT OF CALIFORNIA
Edward R. Roybal Federal Bldg. and Courthouse
255 E. Temple Street, Suite 1682/Courtroom 1675
Los Angeles, Ca. 90012

UNITED STATES TRUSTEE
JOHN MENCHACA
255 Temple Street
Los Angeles, Ca. 90012

Mr. Richard Hurley
2121 Placentia Ave. Suite C
Costa Mesa, CA 92627

Minon Miller
603 E. University Dr. PMB 603
Carson, Ca. 90746

Minon Miller
20014 Eddington Ave.
Carson, Ca. 90746

Stephen J. Donell, State Court Receiver121121 Wilshire Bl.
Suite 1120
Los Angeles, Ca. 90025

Byron Moldo. Receiver Attorney
9401 Wilshire Blvd. 9th Floor
Beverly Hills, Ca. 90212-2974

**The documents were served by the following means:**

[x] (By U.S. Mail)  I served the documents by enclosing a true copy in a
sealed envelope addressed to each person whose name and address is listed
above and depositing the envelope in the United States mail with the postage
fully prepaid and by email.

[ ] (By facsimilie) I served the documents by transmitting them via
facsimilie from facsimilie to each of the persons listed above at each of the
facsimilie numbers listed above.

I declare under penalty of perjury under the laws of the State of California
that the above is true and correct.

Executed on October 31, 2013 at Corona, California

**MAXINE GILLIAM**