**FILED & ENTERED**

**OCT 13 2015**

CLERK U.S. BANKRUPTCY COURT
Central District of California
BY tatum    DEPUTY CLERK

<u>**ORDER NOT FOR PUBLICATION**</u>

**UNITED STATES BANKRUPTCY COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**LOS ANGELES DIVISION**

| | |
|---|---|
| In re:<br><br>MINON MILLER,<br><br>          Debtor. | Case No. 2:13-bk-35116-RK<br><br>Chapter 7<br><br>**ORDER GRANTING DEBTOR'S MOTION FOR EXTENSION OF TIME FOR FILING NOTICE OF APPEAL**<br><br>Date:   October 20, 2015<br>Time:  2:30 p.m.<br>Place:  Courtroom 1675<br>          255 East Temple Street<br>          Los Angeles, CA 90012 |

      Pending before the court is the Motion for Extension of Time for Filing Notice of Appeal ("Motion") of Debtor Minon Miller ("Debtor"), Docket No. 137. The Motion is set for hearing on October 20, 2015 at 2:30 p.m. No timely opposition to the Motion was filed by the deadline of October 6, 2015 under Local Bankruptcy Rule 9013-1(f), 14 days before the noticed hearing.

      On September 9, 2015, the court entered its Order Dismissing Bankruptcy Case with Prejudice on Creditor Edward Gilliam's Motions to Dismiss Pursuant to 11 U.S.C. § 707(b)(1) and (3)(A) ("Dismissal Order"). Docket No. 124. The court stated its reasons in the separately entered Memorandum Decision on Motions of Creditor Edward Gilliam to

Dismiss Bankruptcy Case for Bad Faith with Prejudice and Order Thereon, Docket No. 127, and separately entered Findings of Fact Re: Motions of Creditor Edward Gilliam for Dismissal for Bad Faith with Prejudice, Docket No. 128, both of which were also entered on September 9, 2015.

On September 24, 2015, the court closed Debtor's bankruptcy case after the 14-day deadline to file a notice of appeal of the Dismissal Order had passed.  Docket No. 132.  On September 25, 2015, Debtor filed a Notice of Appeal and Statement of Election ("Notice of Appeal"), Docket No. 133, which appealed the Dismissal Order.  On September 24, 2015, the Debtor also filed the Motion, Docket No. 137.  On September 28, 2015, the court, pursuant to 11 U.S.C. § 350(b), entered its Order Reopening Bankruptcy Case for Consideration of Debtor's Motion to Extend Time to File Appeal.  Docket No. 136.

Having reviewed the Motion, the declaration and exhibits attached therein, and the record, the court vacates the October 20, 2015 hearing on the Motion, and grants the Motion.

Under Federal Rule of Bankruptcy Procedure ("Bankruptcy Rule") 8002(a) "a notice of appeal must be filed with the bankruptcy clerk within 14 days after entry of the . . . order . . . ."  However, under Bankruptcy Rule 8002(d)(1), "the bankruptcy court may extend the time to file a notice of appeal upon a party's motion that is filed: (A) within the time prescribed by this rule; or (B) within 21 days after that time, if the party shows excusable neglect."  "Excusable neglect may serve as a basis for relief, provided the moving party has shown diligence in seeking relief, and the opposing party has not suffered prejudice in the interim."  3 Jones, Rosen, Wegner and Jones, *Rutter Group Practice Guide: Federal Civil Trials and Evidence*, ¶ 20:375 at 20-71 (2015), *citing inter alia*, *SEC v. Platforms Wireless Int'l Corp.*, 617 F.3d 1072, 1100 (9th Cir. 2010).  "Whether neglect is 'excusable' depends on several factors, including the following: possibility of prejudice to the opposing party, length of delay, reason for delay and

whether the moving party acted in good faith." 3 Jones, Rosen, Wegner and Jones, *Rutter Group Practice Guide: Federal Civil Trials and Evidence,* ¶ 20:376 at 20-71 (2015), *citing inter alia*, *Pioneer Investment Servs. Co. v. Brunswick Assocs. Ltd. Partnership*, 507 U.S. 380, 395 (1993). These factors are present here.

    First, no opposition to Debtor's Motion was filed as required by Local Bankruptcy Rule 9013-1(f), and failure to timely oppose the Motion may be deemed by the court as consent to granting of the Motion pursuant to Local Bankruptcy Rule 9013-1(h). Failure of Creditor to file a timely written opposition to the Motion is deemed consent to the granting of the Motion. Furthermore, the length of Debtor's delay in filing the Notice of Appeal was short, only two days. As represented by Debtor in her declaration, because of asbestos abatement and the discovery of mold at her residence, Debtor and her family were displaced from their residence such that they were unable to access their residence and mail delivered there. Motion at 2 and 7. According to Debtor's declaration, she did not receive notice of the Dismissal Order until late on September 23, 2015, Motion at 7, which was the deadline for filing her Notice of Appeal under Bankruptcy Rule 8002(a). Because Debtor did not have access to her mail as she attested in her declaration, and because she filed her Notice of Appeal on September 25, 2014, two days after the Bankruptcy Rule 8002(a) 14-day deadline, and only two days after she received the Dismissal Order, the court determines that Debtor has shown excusable neglect in her failure to file a timely notice of appeal to warrant the granting the Motion to extend time to file a notice of appeal.

    It is hereby ORDERED that Debtor's Motion for Extension of Time for Filing Notice of Appeal is GRANTED. Based on Debtor's showing of excusable neglect, the court extends the time for Debtor's Notice of Appeal to be filed to September 25, 2015, the date that it was filed with the court, pursuant to Bankruptcy Rule 8002(d).

///

3

1     It is also ORDERED that the hearing on the Motion, currently set for October 20, 2015 at 2:30 p.m., is vacated and taken off calendar. No appearances are required on October 20, 2015.

    IT IS SO ORDERED.

###

Date: October 13, 2015

_____
Robert Kwan
United States Bankruptcy Judge